**HOUSTON PIPE LINE COMPANY,**
Petitioner,

v.

**Roberta Powell DWYER et al., Respondents.**

No. A–9508.

Supreme Court of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 12, 1964.

Fulbright, Crooker, Freeman, Bates & Jaworski, B. J. Bradshaw, Houston, with above firm, for petitioner.

Fountain, Cox & Gaines, Vinson, Elkins, Weems & Searls, James W. McCartney, Houston, with above firm, for respondents.

SMITH, Justice.

Respondents, Roberta Powell Dwyer et al., plaintiffs in the trial court, instituted

this suit on October 3, 1960, against petitioner, Houston Pipe Line Company. The parties will hereafter be designated as in the trial court.

Plaintiffs sought judgment declaring a pipeline easement across their land to have lapsed and terminated as a result of defendant removing an 18-inch relatively low pressure pipeline and replacing it with a 30-inch high pressure pipeline, and for judgment removing the easement as a cloud on their title. Plaintiffs further sought to enjoin defendant from further operation of the pipeline, and to recover rental from defendant. In the alternative plaintiffs sought damages. This alternative claim was later withdrawn.

Defendant answered that its rights under the easement agreement entered into between the parties had not lapsed and terminated. In an alternative cross bill defendant sought to condemn a right of way and easement in the event it should be determined that the right of way easement granted in the 1926 agreement between the parties had lapsed or terminated " * * * or that for any reason [defendant] does not have a valid subsisting easement for laying, construction, maintenance, inspection, operation, repairing, substitution, replacing and removal of the pipe and pipe line presently on the land for the transportation of gas."

Both parties filed motions for summary judgment. Defendant's motion was granted and plaintiffs' was denied. The Court of Civil Appeals for the First Supreme Judicial District at Houston, Texas, reversed and remanded for trial "not inconsistent with [its] opinion." 364 S.W. 2d 736.

The duty of this court, where a motion for summary judgment has been granted, is to determine if there are any issues of fact to be tried. See Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929. A summary judgment is not proper if the evidence raises issues of fact to be

determined by a court or jury. See Smith v. Bolin, supra; McDonald on Texas Civil Practice, Vol. 4, Sec. 17.26, pp. 1380, 1382.

The facts giving rise to the present litigation are as follows: On or about March 9, 1926, plaintiffs' predecessors in title executed and delivered to Houston Pipe Line Company a right of way and easement agreement covering certain properties now owned by plaintiffs. This agreement was contained in a printed form prepared by defendant, which the parties changed by several deletions and interlineations. *Prior* to the deletions, the granting clause of the instrument read as follows:

"First party [plaintiffs] * * * does hereby grant, sell and convey unto second party a right of way to lay, maintain, operate, repair *and remove* a Pipe Line for the transportation of gas. * * *" (Emphasis added.)

The parties struck out the words *"and remove"* from the granting clause. They also deleted a paragraph in the habendum clause giving the right to construct additional pipelines over said lands. In another part of the instrument they authorized a removal of the pipeline upon termination of the easement.

The agreement in question contains no specifications for the size of the pipeline. Also, the agreement does not prescribe metes and bounds for the easement, nor does it define a course or direction for the pipe to follow across the land.

As originally constructed, the pipe used in the pipeline was 18 inches in diameter. This pipeline, laid in 1926, was continuously in operation, serving the area of east Harris County until the latter part of 1959. On or about December 15, 1959, defendant removed the old 18-inch line which it had originally laid, reditched the property and installed a 30-inch pipe along the same course. During this replacement, the transportation of gas ceased for a few weeks.

■ We are of the opinion that the evidence outlined above does not raise an issue of fact to be determined by a court or jury. No contention is made in this court to the contrary. A determination of this case depends upon a proper construction of the 1926 agreement entered into between the parties.

It is plaintiffs' position that in construing the 1926 agreement, the fact that the words "and remove" were struck from the granting clause should be considered by the Court in order to arrive at the intention of the parties. Plaintiffs contend that the agreement, as changed, authorized the construction, maintenance, operation and repair of one pipeline only, and did not authorize its replacement or removal except upon termination of the easement as provided in the habendum clause. Plaintiffs insist that upon removal by defendant of its 18-inch line, its rights and easements terminated. Defendant answers that, apart from whether it exceeded its rights by replacing the original pipe with larger pipe, it was at least authorized under the agreement to remove and replace the original pipe when the condition of the pipe required such replacement, and that such replacement would not terminate its easement.

■ The deletions made by the parties in the 1926 agreement may be considered by this court in order to arrive at the true meaning and intention of the parties. See Gibson v. Turner, 156 Tex. 289, 294 S.W.2d 781. The granting clause of the agreement, after deletions, authorized defendant to "lay, construct, maintain, operate (and) repair" a pipeline. Defendant contends that even though the grantors struck the words "and remove" from this granting clause, the words left by the grantors are consistent with the right to remove and replace the original pipe when conditions make it necessary. This court has previously considered what "operating" and "maintaining" mean in relation to a pipeline. See Big Three Welding Equip-

ment Co., Inc. v. Crutcher, Rolfs, Cummings, Inc., 149 Tex. 204, 229 S.W.2d 600. In that case, the "ordinary, usual" meanings of these terms were accepted and applied. The sources in which this court found these meanings were Webster's New International Dictionary, Black's Law Dictionary and Words and Phrases. Defendant contends that an application of the ordinary and usual meaning of the term "remove" as defined by these dictionaries, relegates to insignificance the striking of this term from the granting clause because "remove" is defined by the dictionaries as meaning "to relocate" or "to put in a different place." It is defendant's position that such a definition leads to the conclusion that the grantors struck the words "and remove" from the agreement because they did not want the pipe to be *relocated* once it was established, and not because the grantors intended to prevent *replacement* of the pipe.

■ If plaintiffs are correct in their contention, then defendant's rights and easement under the 1926 agreement would terminate simply by removing and replacing the original pipe, regardless of its condition, with pipe of *any* size. The agreement in question does not compel such an unreasonable result. We hold that the terms "operate" and "maintain" in the granting clause are at least broad enough to include the right to remove and replace the original pipe with pipe of the same size when necessary. See Big Three Welding Equipment Co., Inc. v. Crutcher, Rolfs, Cummings, Inc., supra. Defendant's easement rights did not terminate by its merely removing the original 18-inch pipe.

■ Plaintiffs contend in the alternative that if defendant's easement rights have not terminated, still defendant had no right or easement to construct, maintain and operate the 30-inch line laid across plaintiffs' land. Defendant answers that if the plaintiffs did not want defendant to have the right to replace and increase the size of the pipe at any time, it was

incumbent on plaintiffs to provide against such right in the 1926 agreement, and that any doubt or ambiguity in the instrument is to be resolved against the grantor plaintiffs. It is a well-recognized rule of construction that any ambiguity in an instrument granting an easement is to be resolved against the grantor. See Gulf View Courts, Inc. v. Galveston County, Tex. Civ.App., 150 S.W.2d 872, wr. ref'd. But there is another equally well-settled rule of construction that where an instrument is open to two reasonable constructions, it will be strictly construed against its author. See, e. g., Universal C. I. T. Credit Corporation v. Daniel, 150 Tex. 513, 243 S.W.2d 154. The 1926 agreement in the present case was a printed form of the grantee defendants.

Defendant contends that the basic legal principles applicable to this case are that the holder of an easement is entitled to full enjoyment thereof and, when the purpose or object of the easement is stated in general terms, the holder has the right to employ whatever means may be reasonably necessary for its full enjoyment. Defendant asserts that the courts, in applying these principles, have permitted changes to be made in the *means* or *instrumentalities* employed to accomplish the stated general purpose. Although defendant cites many cases as authority for its position, it primarily relies on the case of Knox v. Pioneer Natural Gas Company, Tex. Civ.App., 321 S.W.2d 596, wr. ref'd., n. r. e.

The holding in the Knox case cannot be followed in the present case. In that case the language of the grant clearly gave the grantee a right in excess of the one actually used, whereas, there is no language in the present agreement which can be construed to permit the grantee a right in excess of the right actually used, that is the right to increase the size of the pipe in excess of 18 inches in diameter. The present case is more in harmony with the case of Onthank v. Lake Shore & M.S.R. Co., 71 N.Y. 194, 27 Am.Rep. 35.

In that case the rights granted were limited, and did not provide for the removal of the pipeline. The Court in the Knox case declined to follow the holding in the Onthank case, stating that the agreement in the case at bar was not so limited, but allowed the grantee a right of way of *sufficient width* to permit the grantee to lay, maintain, operate and remove a pipeline for the transportation of gas, for the express purpose of constructing and placing on, in and under the surface of the ground a pipeline over and through said lands. The Court in the Knox case further pointed out that the agreement granted to the grantee the right to enter upon the land at all times for the purpose of *making additions to, improvements on, and repairs* to said pipeline and to *keep* and *maintain* the same and to *remove* or *replace* the same. No such rights were granted in the present case. The grantee's rights in the present case were limited to "laying, constructing, maintaining, operating and repairing a pipeline." This the grantee has done by laying an 18-inch line. As in the Knox case, defendant in the present case, due to demands for gas, has replaced the pipe originally installed with pipe of greater carrying capacity. However, unlike the Knox case, defendant has replaced the old line with pipe of substantially greater size. The replacement of the old 18-inch line with a 30-inch line necessitated the digging of a ditch some 36 to 40 inches in width, thereby widening the ditch as well as placing the pipe approximately two feet deeper than it was in the original ditch.

If defendant is correct in its contentions that the 1926 agreement authorized an increase in the size of the pipeline every time an increased demand for gas made such enlargement necessary, the extent of the easement could never become fixed or definitely ascertainable. Although there is no limitation on the size of the pipe to be laid, it does not necessarily follow that the parties, for a consideration of $32.00, intended to burden their land

with·an easement which might be enlarged over and over again, as often as an increase in demands for gas might make it necessary. See Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A., N.S., 851.

 The purpose or object of the easement in this case is stated in general terms —transportation of gas by pipeline. Plaintiffs contend that when defendant originally constructed its 18-inch pipeline, it limited and defined the extent of its easement rights under the 1926 agreement. The following general rule is set out in Thompson on Real Property, Perm. Ed., § 681:

"A grant in general terms of a right to lay a pipe for the purpose of conducting water across the land of the grantor without specifying the place for laying it or the size of the pipe is defined and made certain by the act of the grantee in laying down the pipe;· and after he has once laid the pipe with the acquiescence of the grantor, the grant which was before general and indefinite becomes fixed and certain and the grantee can not change the easement either by relaying the pipe in another place or by increasing its size."

This rule is specifically applicable to the present case. We hold that when defendant constructed its 18-inch pipeline with the consent and acquiescence of the plaintiff, the extent of defendant's easement rights under the 1926 agreement became fixed and certain. See Bland Lake Fishing and Hunting Club v. Fisher, 311 S. W.2d 710, Tex.Civ.App., no wr. hist.; Winslow v. City of Vallejo, supra; See also Thompson on Real Property, supra; 17–A Amer.Jur., p. 722, Easements, § 112. Defendant was not authorized to remove this 18-inch line initially constructed and replace it with a line of substantially greater size.

The Court of Civil Appeals' judgment reversing the trial court's action in granting the summary judgment and remanding the cause for trial is affirmed, but trial shall be conducted consistent with this opinion.