**R.J. BOLAND and Charlotte Boland, Appellants,**

v.

**NATURAL GAS PIPELINE COMPANY OF AMERICA, Appellee.**

No. 2–91–012–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1991.

Woodruff, Fostel, Wren & Simpson, John H. Fostel and Mason L. Woodruff, Decatur, for appellants.

Wm. A. Nobles, Decatur, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

In this appeal R.J. and Charlotte Boland, appellants, request the court to determine the rights of the parties under an easement grant executed on December 8, 1959, by the Bolands' predecessor in title. In April of 1990, Natural Gas Pipeline Co., appellee, attempted to lay its fourth pipeline in reliance on the 1959 grant. The Bolands refused to allow the Pipeline Co. permission to enter to lay the pipeline. The trial court held the Pipeline Co. was entitled to lay its pipeline at the location of its choosing on the land. Accordingly, the trial court issued a permanent injunction enjoining the Bolands from interfering with the activities of the Pipeline Co. upon the premises.

We affirm.

In 1959, Anna Lee Daniel executed a pipeline easement to Pipeline Co. on her tract of land in Wise County, in order to allow them to connect a gas well which had been drilled upon her land. The easement granted is to "construct thereon and to reconstruct, operate, maintain, repair, alter, replace, move and remove an initial pipeline, **and any additional pipeline described by Grantee,** for the transportation of gas, oil, or other substances transportable by pipeline, **at route or routes selected by Grantee.**" [Emphasis added.] The only description of the property contained in this instrument was a metes and bounds description of the entire eighty-acre tract. Since the 1959 grant, Pipeline Co. has laid three pipelines across three different areas of the tract. In the spring of 1990, Pipeline Co. wanted to re-enter the tract to lay a fourth pipeline in a new location in reliance on the 1959 grant. The Bolands refused to allow Pipeline Co. on the land to lay the pipe, and this litigation resulted.

Pipeline Co. filed for injunctive relief and for monetary damages. A temporary restraining order was issued by the trial court against the Bolands. The Bolands then filed their original answer and counterclaim, requesting injunctive relief, removal of the 1964 and 1987 pipelines, and monetary damages. A temporary restraining order was then issued against Pipeline Co. The trial court found at a final hearing that the said 1959 instrument creates a multiple line perpetual right-of-way easement in favor of grantee; that under the terms of the instrument grantee is entitled to lay its present proposed pipeline at the location of its choosing upon the eighty-acre subject premises; and that, accordingly, a permanent injunction should be granted.

In a single point of error the Bolands assert that the trial court erred as a matter of law in holding that Pipeline Co. was entitled to lay its fourth pipeline at the location of its choosing and in its construction of the easement.

No findings of fact or conclusions of law have been filed with this court. Although the judgment contains findings of fact, these cannot be considered. TEX.R.CIV.P. 299a.

 In construing an easement, rules regarding the interpretation of deeds and other written instruments apply. *Knox v. Pioneer Natural Gas Co.,* 321 S.W.2d 596, 602 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.). Thus, basic rules of contract apply to the construction of an easement.

 Texas courts have held the failure to spell out all the terms in an easement with respect to the construction of additional pipelines does not render ambiguous or unenforceable the rights granted. *Strauch v. Coastal States Crude Gathering Co.,* 424 S.W.2d 677, 681 (Tex.Civ. App.—Corpus Christi 1968, writ dism'd).

Thus, if there is no ambiguity in an instrument, its construction is a question of law for the court. *Westwind Exploration v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 381 (Tex.1985).

In their point of error, the Bolands recognize the easement is not ambiguous, and argue instead, that as a matter of law, the location where Pipeline Co. may lay additional lines becomes fixed and certain when the original pipeline is laid. As authority the Bolands cite the Texas Supreme Court in *Houston Pipe Line Co. v. Dwyer,* 374 S.W.2d 662 (Tex.1964), in which the court holds that a grant in general terms becomes fixed and certain once the initial pipeline has been laid with the consent and acquiescence of the grantor, and cannot be removed and replaced with a different pipeline. *Id.* at 666. The grant in *Houston Pipe Line* only gave the company "a right of way to lay, maintain, operate, repair *and remove* a **Pipe Line** for the transportation of gas." *Id.* at 663 (emphasis added).

■ In the present case, Pipeline Co. has the right to "operate, maintain, repair, alter, replace, move and remove **an initial pipeline, and any additional pipeline described by Grantee,** for the transportation of gas, oil, or other substances transportable by pipeline, **at route or routes selected by Grantee.**" [Emphasis added.] The court in *Houston Pipe Line* stated that it did not believe that the parties "for a consideration of $32.00, intended to burden their land with an easement which might be enlarged over and over again, as often as an increase in demands for gas might make it necessary." *Id.* at 665–66.

In our case it is clear by virtue of the language in the granting instrument that the original grantor intended to burden the land not only with additional pipelines but with additional routes selected by grantee. Thus, we do not find *Houston Pipe Line* to be dispositive in our case. *Id.*

■ In construing a written contract, the primary concern of the court is to ascertain the true intention of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). In the present case, the parties put on no evidence of intent which would contradict the language of the contract. Instead, both assert their position should be upheld as a matter of law. Moreover, when the contract is unambiguous, its construction is a matter of law. *Bradshaw v. Lower Colorado River Auth.,* 573 S.W.2d 880, 883 (Tex.Civ.App.—Beaumont 1978, no writ). And further, courts will generally give effect to the parties' intention as expressed by the writing because the objective intent of the parties controls. *Id.* Thus, we uphold the trial court's ruling that as a matter of law, and on the face of the grant, the 1959 instrument creates a multiple line perpetual right-of-way easement which entitles grantee to lay its proposed pipeline at the location of its choosing. The Bolands' point of error is overruled.

The judgment is affirmed.