TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00037-CV







Tom Hall, Appellant



v.



Lone Star Gas Company, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 12,183, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







 Tom Hall claimed that Lone Star Gas Company excessively used its easement and violated
the Texas Deceptive Trade Practices Act ("DTPA"). The trial court rendered summary judgment for Lone
Star on several stated grounds. Mr. Hall appeals the trial court's order in various points of error alleging
there existed genuine material fact issues. Mr. Hall also claims the trial court erred in granting summary
judgment because he had improper notice of the hearing. While we will reject one ground supporting
summary judgment in favor of Lone Star, we nevertheless will affirm the summary judgment on other
grounds.


FACTUAL AND PROCEDURAL BACKGROUND

 In the late 1920's Lone Star built a dry gas line (Line R) to provide residential and
commercial gas service along State Highway 67. In 1928, Mr. Hall's grandfather, the predecessor in title
to Mr. Hall, executed an easement which grants Lone Star "the right of way and easement to construct,
maintain, and operate pipe lines." Lone Star also has the right to "ingress and egress from the premises,
for the purposes of constructing, inspecting, repairing, maintaining, and replacing the property of [grantee]." 
From September to mid-November of 1992 Lone Star worked on Mr. Hall's land in order to replace Line
R.

 On March 6, 1995, Mr. Hall filed suit against Lone Star alleging damages to his real
property and fixtures and basing his claims on breach of contract, excessive use of the 1928 easement, and
violations of the DTPA. Lone Star filed a motion for partial summary judgment which the trial court granted
on April 24, 1996. The motion included a statute of limitations defense and a request for declaratory
judgment that the easement was a multiple-line easement. Shortly thereafter, the court rescinded its partial
summary judgment. Lone Star, again, sought partial summary judgment and a second hearing was held on
November 25, 1996. On December 3, 1996, the trial court granted Lone Star's motion by rescinding its
Order to Rescind its Order, thereby reinstating the April 24 partial summary judgment in favor of Lone
Star. Because the remaining issues had been severed from the case, the trial court's order constituted a
final judgment and Mr. Hall's appeal comes properly under this Court's jurisdiction.


STANDARD OF REVIEW

 The standards for reviewing a motion for summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3)
every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of
summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently
unmeritorious claims and defenses. See Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). 


DISCUSSION

Multiple-line Easement?

 Lone Star sought to defeat Mr. Hall's damages claim for excessive use of the easement by
requesting a declaratory judgment that the easement is an expansible multiple-line easement of perpetual
duration which allows Lone Star to lay additional lines. As movant, Lone Star had the burden to establish
conclusively it was entitled to lay such lines. A matter is "conclusively established" for summary judgment
purposes if ordinary minds cannot differ regarding the conclusion to be drawn from the evidence. See Zep
Mfg. Co. v. Harthcock, 824 S.W.2d 654, 657-58 (Tex. App.--Dallas 1992, no writ) (citing Triton Oil
& Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982)). We find that
Lone Star failed to establish conclusively that it held a multiple-line easement and, therefore, the trial court
erred in basing its summary judgment on this ground.

 Whether a contract is ambiguous is for the court to determine. See Roman Catholic
Diocese v. First Colony, 881 S.W.2d 161, 163 (Tex. App.--Houston [1st Dist.] 1994, writ denied). 
If the easement is unambiguous its construction is a question of law for the court. See Boland v. Natural
Gas Pipeline Co., 816 S.W.2d 843, 844 (Tex. App.--Fort Worth 1991, no writ). The primary concern
of the court is to ascertain the true intention of the parties as expressed in the instrument. See Coker v.
Coker, 650 S.W.2d 391, 393 (Tex. 1983). In determining whether an easement grants the right to lay
additional lines, Texas courts have uniformly looked to the compensation clause and express language of
the granting clause. 

 The Boland court determined the gas company was permitted to lay an additional line years
after the original had been laid because the easement expressly granted a right of way for an initial pipeline
and "any additional pipeline described by Grantee, for the transportation of gas . . . at route or routes
selected by Grantee." Boland, 816 S.W.2d at 845. Similarly, the court in Strauch v. Coastal States
Crude Gathering Co. found the pipeline company was not precluded from laying an additional pipeline
22 years later because the easement clearly stated that consideration had been given for the right to lay
additional lines at any time and the amount of compensation for each future line had been precisely
calculated. 424 S.W.2d 677, 681-82 (Tex. Civ. App.--Corpus Christi 1968, writ dism'd). On the other
hand, where no express provision in the easement granting the right to lay additional lines exists, a court will
not imply rights beyond those of the easement. See Pioneer Natural Gas Co. v. Russell, 453 S.W.2d
882,886 (Tex. Civ. App.--Amarillo 1970, writ ref'd n.r.e.) In Russell the gas company claimed the use
of the term "pipe lines" gave it the right to lay more than one line at any time. The court found the lack of
an express grant distinguished the easement in question from the one in Strauch and held the company
could not lay a parallel line forty years later. Id. at 885-86.

 Similar to Russell, the easement here used the term "pipe lines" but contained no express
provision granting the right to lay additional lines in the future. To the contrary, the compensation clause
for future lines was specifically deleted from the form contract. In arriving at the true meaning and intention
of the parties, a court may consider the deletions made by the parties. See Houston Pipe Line Co. v.
Dwyer, 374 S.W.2d 662, 664 (Tex. 1964). We cannot say as a matter of law that parties who deleted
the compensation clause for future lines intended the easement to include the right to lay additional lines in
the future. Cf. Dwyer, 374 S.W.2d. at 664-65 (holding lack of an express provision addressing issue of
expansion or addition precluded company from expanding easement); see Russell, 453 S.W.2d at 886. 
Thus, without some provision addressing the right to lay additional lines or providing for compensation,
Lone Star's proposition that the easement permits future additional lines cannot prevail. We find that Lone
Star did not carry its burden to establish conclusively it holds a multiple-line easement granting the right to
lay additional lines in the future. Although we sustain Mr. Hall's second point of error, we will affirm the
summary judgment on other grounds.


Notice of the Hearing

 In point of error one, Mr. Hall claims the trial court erred because by failing to act on Lone
Star's second motion for summary judgment and, instead, reinstating its earlier grant of summary judgment,
Mr. Hall had improper notice for the November 25 summary judgment hearing. We find Mr. Hall failed
to preserve this point of error for appeal. Under the Texas Rules addressing summary judgment, "[i]ssues
not expressly presented to the trial court by written motion, answer or other response shall not be
considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). Generally, a complaint regarding
notice is required to be in writing and before the court at the summary judgment hearing. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). In some cases, the
complainant may not have the opportunity to present objections until after the entry of summary judgment,
such as here, where Mr. Hall complains that the entry of the order was on an earlier motion rather than the
one scheduled for the hearing. In these circumstances, a complainant is required to set forth any objections
in a post-judgment motion. See Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex.
App.--Fort Worth 1996, no writ) (party should bring lack of notice of summary judgment motion and
hearing to court's attention after summary judgment has been granted to preserve complaint for appellate
review); Negrini v. Beale, 822 S.W.2d 822, 824 (Tex. App.--Houston [14th Dist.] 1992, no writ)
(participant in hearing on motion who failed to apprise trial court of complaint before, during or after
summary judgment hearing waived any objection to improper notice and cannot raise it for first time on
appeal). 

 Because the record is devoid of any post-judgment motion by Mr. Hall preserving his
complaint of improper notice, we find that he waived any such right to appeal. However, if we were to
reach this issue, we would hold that the trial court was within its rights to reinstate its earlier order because
the subsequent recission constituted an interlocutory judgment. See Evans v. Hoag, 71 S.W.2d 744, 745
(Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, once Lone Star filed its motion the trial
court could properly grant a summary judgment after having previously denied the same motion, even if by
way of recission. (1) See id.


Excessive Use of the Easement

 Mr. Hall brings no point of error attacking the trial court's ruling that Lone Star's activities
constituted a replacement of its worn-out line, a right expressly granted by the original easement. When
the trial court's summary judgment order does not specify the grounds on which the summary judgment is
granted, an appellate court will affirm the judgment if any grounds stated in the motion are meritorious. See
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). In the present case the trial court specified its
grounds for granting summary judgment in favor of Lone Star; we will uphold the summary judgment if any
of the stated grounds have a legal basis. Because summary judgment on the easement claim was proper
on the replacement ground, we need not address Mr. Hall's point of error three regarding the statute of
limitations.

 The April 4, 1996 order stated, among other grounds, that "Lone Star's construction of
a pipe line across Hall's property in September of 1992 was the installation of a replacement line for its
original Line R, not an additional line" (emphasis added). As neither party disputes that the easement grants
Lone Star the right to replace pipe lines, we need only determine whether Lone Star was exercising its right
to replace or laying an additional line. This Court has already determined that activities similar to Lone
Star's constitute a proper and valid exercise of replacement rights under a like easement. Harris v.
Phillips Pipe Line Co., 517 S.W.2d 361 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.). 

 In Harris the easement granted Phillips the right of way for the "laying, maintaining, use,
operation, repair, replacement and removal of a ten inch pipe line." Id. at 362. When Phillips decided
to replace the original line with a line buried to a greater depth for safety reasons, it laid the new line parallel
to and fifteen feet away from the original line, the closest distance at which construction was not hazardous. 
Phillips continued to use the original line while constructing the new line in order to avoid interrupting service
to its users, and upon completion switched service to the new line and discontinued use of the original. This
manner of replacing pipe line was considered a common practice in the industry. See id. at 363. This
Court concluded that an easement necessarily carries the right to do those things which are reasonably
necessary for the full enjoyment of the easement. Id. at 364. Because Phillips clearly had the right to
replace its pipe line, incidentally it had the right to take the course of action it did; "to require Phillips to
cease use of the pipe line in order to replace it with a new line would deny [it] a right expressly given by
the grant, the right to use, maintain and operate the pipe line." Id. at 364-65.

 Due to leakage problems caused by an increased demand, Lone Star decided to replace
a section of ten-inch Line R pipe line with ten-inch pipe line that could withstand greater pressure. Lone
Star laid the new line parallel to and some feet away from the original; it continued using the original line to
supply gas to its customers and upon completion switched the service to the new line and discontinued using
the original. At no time did Lone Star use the two pipes simultaneously. The easement gives Lone Star
the right to "construct, maintain, and operate," and further allows ingress and egress for the purposes of
"constructing, inspecting, repairing, maintaining, and replacing the property of Grantee." Requiring Lone
Star to cease operating and remove the original line before replacing it would deny Lone Star the
maintenance and operation rights granted by the easement. By industry practice it would unduly burden
Lone Star's ability to continue servicing its customers.

 The present circumstances are distinguishable from those in Phillips Pipe Line Co. v.
Clear Creek Properties, Inc., 553 S.W.2d 389 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.). In that
case, this Court found Phillips had exceeded its easement rights when it used land outside the specified
boundaries of the easement to replace and construct new lines that were contemplated by the original grant. 
Id. While it was clear Phillips had every right to construct new lines within the confines of the easement,
Phillips contended the easement necessarily gave it the right to use the land beyond. To the contrary, the
instrument expressly designated the width and location of the easement. An implied easement could not
have existed. This Court found the easement granted only the strip specified and the parties never
contemplated use of the area beyond. Id. at 392. 

 Lone Star's right to reasonably use the land pursuant to its enjoyment and use of the
easement is not a right without limits. The supreme court has held that while the terms "operate" and
"maintain" include the right to remove and replace original pipe, replacement pipe is only within the extent
of the easement when such replacement is necessary and the new pipe is not substantially larger than the
original. Dwyer, 374 S.W.2d at 665-66. In Dwyer, although the contract did not specifically limit the size
of the line, the court found that the company could not continually replace the original line with larger and
larger lines. Id. In this case, Lone Star was not replacing its line in order to enlarge it. The record reveals
that the original pipe line, which had developed leaks, was replaced with a stronger line. (2) Following
Harris, we hold that Lone Star's right to replace was express and its replacement actions were reasonably
necessary for the full enjoyment of the easement granted. (3) Because we find the trial court had a proper
legal basis for concluding that Lone Star was merely replacing rather than laying an additional line in 1992,
we affirm the summary judgment in favor of Lone Star on the easement claim. Accordingly, we need not
address Mr. Hall's point of error three.


The DTPA claim

 In points of error four and five Mr. Hall asserts the trial court erred in holding that he was
not a "consumer" under the DTPA and that the two-year statute of limitations barred his claims. Consumer
status is a question of law based upon all the evidence. See Coker v. Burghardt, 833 S.W.2d 306, 311
(Tex. App.--Dallas 1992, writ denied); Security Bank v. Dalton, 803 S.W.2d 443, 451 (Tex.
App.--Fort Worth 1991, writ denied). Mr. Hall must meet two requirements to be a consumer: (1) he
must have sought or acquired goods or services by purchase or lease, and (2) the goods or services
purchased or leased must form the basis of the DTPA complaint. See Cameron v. Terrell & Garret, Inc.,
618 S.W.2d 535, 539 (Tex. 1981). We find that Mr. Hall did not satisfy the second requirement.

 Mr. Hall submits he meets the first prong because he or his predecessor acquired the
original and subsequent pipeline under the land for consideration and presently he receives gas through the
pipeline at cost. He contends this transaction forms the basis of the complaint. While we do not dispute
that Mr. Hall consumes gas through the pipeline in question, his claim for damages to his land arises out of
Lone Star's use of the easement. His complaint did not in any perceivable manner rest on his receipt of
gas which was incidentally provided by Lone Star. A plaintiff establishes its standing as a consumer by
a relationship with the transaction, not by a relationship with the defendant. See Tuscarora Corp. v. HJS
Indus., Inc., 794 S.W.2d 435, 441 (Tex. App.--Corpus Christi 1990, writ denied). Here, Mr. Hall's
relationship to his receipt of Lone Star's gas is immaterial to his claim of excessive use. Under the
Cameron test, Mr. Hall's "transaction" did not form the basis of his complaint; we hold that he was not
a "consumer" as a matter of law. Because Mr. Hall does not have a claim under the DTPA we need not
address point of error five regarding the DTPA statute of limitations.


CONCLUSION

 Although we reject the trial court's holding that the easement granted Lone Star the right
to lay multiple lines in the future, we affirm summary judgment in favor of Lone Star as to excessive use of
the easement on the ground that this was a replacement line and that the original easement granted Lone
Star the right to replace its line. We further affirm summary judgment in favor of Lone Star on Mr. Hall's
DTPA claims, holding that the trial court properly found, as a matter of law, that Mr. Hall was not a
consumer.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B.A. Smith

Affirmed

Filed: October 9, 1997

Publish
1. We note that on November 15 Mr. Hall filed a timely response to Lone Star's motion before the
hearing on November 25. The trial court considered the attached affidavits and apparently concluded they
failed to defeat Lone Star's motion for summary judgment.
2. While the record reveals no confirmation the replacement line is the same size, Mr. Hall stated
in Plaintiff's Answers to Defendant's Second Set of Interrogatories (September 8, 1995), that it was his
"understanding now that the pipeline replaced was a ten inch pipeline replaced by a ten inch pipeline."
3. This conclusion does not address whether the replacement caused compensable damage to Mr.
Hall's fixtures. The claim for damages to fences was severed by the trial court on December 2, 1996.



merely replacing rather than laying an additional line in 1992,
we affirm the summary judgment in favor of Lone Star on the easement claim. Accordingly, we need not
address Mr. Hall's point of erro