**Tom HALL, Appellant,**

v.

**LONE STAR GAS COMPANY, Appellee.**

No. 03–97–00037–CV.

Court of Appeals of Texas, Austin.

Oct. 9, 1997.

Rehearing Overruled Nov. 20, 1997.

Thomas C. Hall, Law Office of Thomas C. Hall, P.C., San Antonio, pro se.

Randall C. Grasso, Dallas, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Tom Hall claimed that Lone Star Gas Company excessively used its easement and violated the Texas Deceptive Trade Practices Act ("DTPA"). The trial court rendered summary judgment for Lone Star on several stated grounds. Mr. Hall appeals the trial court's order in various points of error alleging there existed genuine material fact issues. Mr. Hall also claims the trial court erred in granting summary judgment because he had improper notice of the hearing. While we will reject one ground supporting summary judgment in favor of Lone Star, we nevertheless will affirm the summary judgment on other grounds.

## FACTUAL AND PROCEDURAL BACKGROUND

In the late 1920's Lone Star built a dry gas line (Line R) to provide residential and commercial gas service along State Highway 67. In 1928, Mr. Hall's grandfather, the predecessor in title to Mr. Hall, executed an easement which grants Lone Star "the right of way and easement to construct, maintain, and operate pipe lines." Lone Star also has the right to "ingress and egress from the premises, for the purposes of constructing, inspecting, repairing, maintaining, and replacing the property of [grantee]." From September to mid-November of 1992 Lone Star worked on Mr. Hall's land in order to replace Line R.

On March 6, 1995, Mr. Hall filed suit against Lone Star alleging damages to his real property and fixtures and basing his claims on breach of contract, excessive use of the 1928 easement, and violations of the DTPA. Lone Star filed a motion for partial summary judgment which the trial court granted on April 24, 1996. The motion included a statute of limitations defense and a request for declaratory judgment that the easement was a multiple-line easement. Shortly thereafter, the court rescinded its partial summary judgment. Lone Star, again, sought partial summary judgment and a second hearing was held on November 25, 1996. On December 3, 1996, the trial court granted Lone Star's motion by rescinding its Order to Rescind its Order, thereby reinstating the April 24 partial summary judgment in favor of Lone Star. Because the remaining issues had been severed from the case, the trial court's order constituted a final judgment and Mr. Hall's appeal comes properly under this Court's jurisdiction.

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be

taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

## DISCUSSION

### Multiple-line Easement?

■ Lone Star sought to defeat Mr. Hall's damages claim for excessive use of the easement by requesting a declaratory judgment that the easement is an expansible multiple-line easement of perpetual duration which allows Lone Star to lay additional lines. As movant, Lone Star had the burden to establish conclusively it was entitled to lay such lines. A matter is "conclusively established" for summary judgment purposes if ordinary minds cannot differ regarding the conclusion to be drawn from the evidence. *See Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1992, no writ) (citing *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982)). We find that Lone Star failed to establish conclusively that it held a multiple-line easement and, therefore, the trial court erred in basing its summary judgment on this ground.

■ Whether a contract is ambiguous is for the court to determine. *See Roman Catholic Diocese v. First Colony,* 881 S.W.2d 161, 163 (Tex.App.—Houston [1st Dist.] 1994, writ denied). If the easement is unambiguous its construction is a question of law for the court. *See Boland v. Natural Gas Pipeline Co.,* 816 S.W.2d 843, 844 (Tex.App.—Fort Worth 1991, no writ). The primary concern of the court is to ascertain the true intention of the parties as expressed in the instrument. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). In determining whether an easement grants the right to lay additional lines, Texas courts have uniformly looked to the compensation clause and express language of the granting clause.

The *Boland* court determined the gas company was permitted to lay an additional line years after the original had been laid because the easement expressly granted a right of way for an initial pipeline and "any additional pipeline described by Grantee, for the transportation of gas . . . at route or routes selected by Grantee." *Boland,* 816 S.W.2d at 845. Similarly, the court in *Strauch v. Coastal States Crude Gathering Co.* found the pipeline company was not precluded from laying an additional pipeline 22 years later because the easement clearly stated that consideration had been given for the right to lay additional lines *at any time* and the amount of compensation for each future line had been precisely calculated. 424 S.W.2d 677, 681–82 (Tex.Civ.App.—Corpus Christi 1968, writ dism'd). On the other hand, where no express provision in the easement granting the right to lay additional lines exists, a court will not imply rights beyond those of the easement. *See Pioneer Natural Gas Co. v. Russell,* 453 S.W.2d 882, 886 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.) In *Russell* the gas company claimed the use of the term "pipe lines" gave it the right to lay more than one line at any time. The court found the lack of an express grant distinguished the easement in question from the one in *Strauch* and held the company could not lay a parallel line forty years later. *Id.* at 885–86.

■ Similar to *Russell,* the easement here used the term "pipe lines" but contained no express provision granting the right to lay additional lines in the future. To the contrary, the compensation clause for future lines was specifically deleted from the form contract. In arriving at the true meaning and intention of the parties, a court may consider the deletions made by the parties. *See Houston Pipe Line Co. v. Dwyer,* 374 S.W.2d 662, 664 (Tex.1964). We cannot say as a matter of law that parties who deleted the compensation clause for future lines intended the easement to include the right to lay additional lines in the future. *Cf. Dwyer,* 374 S.W.2d. at 664–65 (holding lack of an express provision addressing issue of expan-

sion or addition precluded company from expanding easement); *see Russell,* 453 S.W.2d at 886. Thus, without *some* provision addressing the right to lay additional lines or providing for compensation, Lone Star's proposition that the easement permits future additional lines cannot prevail. We find that Lone Star did not carry its burden to establish conclusively it holds a multiple-line easement granting the right to lay additional lines in the future. Although we sustain Mr. Hall's second point of error, we will affirm the summary judgment on other grounds.

## Notice of the Hearing

▆ In point of error one, Mr. Hall claims the trial court erred because by failing to act on Lone Star's second motion for summary judgment and, instead, reinstating its earlier grant of summary judgment, Mr. Hall had improper notice for the November 25 summary judgment hearing. We find Mr. Hall failed to preserve this point of error for appeal. Under the Texas Rules addressing summary judgment, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ. P. 166a(c). Generally, a complaint regarding notice is required to be in writing and before the court at the summary judgment hearing. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979). In some cases, the complainant may not have the opportunity to present objections until *after* the entry of summary judgment, such as here, where Mr. Hall complains that the entry of the order was on an earlier motion rather than the one scheduled for the hearing. In these circumstances, a complainant is required to set forth any objections in a post-judgment motion. *See Smith v. Mike Carlson Motor Co.,* 918 S.W.2d 669, 672 (Tex.App.—Fort Worth 1996, no writ) (party should bring lack of notice of summary judgment motion and hearing to court's attention after summary judgment has been granted to preserve complaint for appellate review); *Negrini v. Beale,* 822 S.W.2d 822, 824 (Tex.App.—Hous-

ton [14th Dist.] 1992, no writ) (participant in hearing on motion who failed to apprise trial court of complaint before, during or after summary judgment hearing waived any objection to improper notice and cannot raise it for first time on appeal).

▆ Because the record is devoid of any post-judgment motion by Mr. Hall preserving his complaint of improper notice, we find that he waived any such right to appeal. However, if we were to reach this issue, we would hold that the trial court was within its rights to reinstate its earlier order because the subsequent recission constituted an interlocutory judgment. *See Evans v. Hoag,* 711 S.W.2d 744, 745 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, once Lone Star filed its motion the trial court could properly grant a summary judgment after having previously denied the same motion, even if by way of recission.[1] *See id.*

## Excessive Use of the Easement

Mr. Hall brings no point of error attacking the trial court's ruling that Lone Star's activities constituted a replacement of its worn-out line, a right expressly granted by the original easement. When the trial court's summary judgment order does not specify the grounds on which the summary judgment is granted, an appellate court will affirm the judgment if any grounds stated in the motion are meritorious. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). In the present case the trial court specified its grounds for granting summary judgment in favor of Lone Star; we will uphold the summary judgment if any of the stated grounds have a legal basis. Because summary judgment on the easement claim was proper on the replacement ground, we need not address Mr. Hall's point of error three regarding the statute of limitations.

The April 4, 1996 order stated, among other grounds, that "Lone Star's construction of a pipe line across Hall's property in September of 1992 was the installation of a *replacement* line for its original Line R, not an

---

1. We note that on November 15 Mr. Hall filed a timely response to Lone Star's motion before the hearing on November 25. The trial court consid-ered the attached affidavits and apparently concluded they failed to defeat Lone Star's motion for summary judgment.

additional line" (emphasis added). As neither party disputes that the easement grants Lone Star the right to replace pipe lines, we need only determine whether Lone Star was exercising its right to replace or laying an additional line. This Court has already determined that activities similar to Lone Star's constitute a proper and valid exercise of replacement rights under a like easement. *Harris v. Phillips Pipe Line Co.,* 517 S.W.2d 361 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

In *Harris* the easement granted Phillips the right of way for the *"laying, maintaining, use, operation, repair, replacement and removal* of a ten inch pipe line." *Id.* at 362. When Phillips decided to replace the original line with a line buried to a greater depth for safety reasons, it laid the new line parallel to and fifteen feet away from the original line, the closest distance at which construction was not hazardous. Phillips continued to use the original line while constructing the new line in order to avoid interrupting service to its users, and upon completion switched service to the new line and discontinued use of the original. This manner of replacing pipe line was considered a common practice in the industry. *See id.* at 363. This Court concluded that an easement necessarily carries the right to do those things which are reasonably necessary for the full enjoyment of the easement. *Id.* at 364. Because Phillips clearly had the right to replace its pipe line, incidentally it had the right to take the course of action it did; "to require Phillips to cease use of the pipe line in order to replace it with a new line would deny [it] a right expressly given by the grant, the right to use, maintain and operate the pipe line." *Id.* at 364–65.

Due to leakage problems caused by an increased demand, Lone Star decided to replace a section of ten-inch Line R pipe line with ten-inch pipe line that could withstand greater pressure. Lone Star laid the new line parallel to and some feet away from the original; it continued using the original line to supply gas to its customers and upon completion switched the service to the new line and discontinued using the original. At no time did Lone Star use the two pipes simultaneously. The easement gives Lone Star the right to "construct, maintain, and operate," and further allows ingress and egress for the purposes of "constructing, inspecting, repairing, maintaining, and replacing the property of Grantee." Requiring Lone Star to cease operating and remove the original line before replacing it would deny Lone Star the maintenance and operation rights granted by the easement. By industry practice it would unduly burden Lone Star's ability to continue servicing its customers.

The present circumstances are distinguishable from those in *Phillips Pipe Line Co. v. Clear Creek Properties, Inc.,* 553 S.W.2d 389 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). In that case, this Court found Phillips had exceeded its easement rights when it used land outside the specified boundaries of the easement to replace and construct new lines that were contemplated by the original grant. *Id.* While it was clear Phillips had every right to construct new lines within the confines of the easement, Phillips contended the easement necessarily gave it the right to use the land beyond. To the contrary, the instrument expressly designated the width and location of the easement. An implied easement could not have existed. This Court found the easement granted only the strip specified and the parties never contemplated use of the area beyond. *Id.* at 392.

Lone Star's right to reasonably use the land pursuant to its enjoyment and use of the easement is not a right without limits. The supreme court has held that while the terms "operate" and "maintain" include the right to remove and replace original pipe, replacement pipe is only within the extent of the easement when such replacement is necessary and the new pipe is not substantially larger than the original. *Dwyer,* 374 S.W.2d at 665–66. In *Dwyer,* although the contract did not specifically limit the size of the line, the court found that the company could not continually replace the original line with larger and larger lines. *Id.* In this case, Lone Star was not replacing its line in order to enlarge it. The record reveals that the original pipe line, which had developed leaks, was

replaced with a stronger line.[2] Following *Harris,* we hold that Lone Star's right to replace was express and its replacement actions were reasonably necessary for the full enjoyment of the easement granted.[3] Because we find the trial court had a proper legal basis for concluding that Lone Star was merely replacing rather than laying an additional line in 1992, we affirm the summary judgment in favor of Lone Star on the easement claim. Accordingly, we need not address Mr. Hall's point of error three.

**The DTPA claim**

In points of error four and five Mr. Hall asserts the trial court erred in holding that he was not a "consumer" under the DTPA and that the two-year statute of limitations barred his claims. Consumer status is a question of law based upon all the evidence. *See Coker v. Burghardt,* 833 S.W.2d 306, 311 (Tex.App.—Dallas 1992, writ denied); *Security Bank v. Dalton,* 803 S.W.2d 443, 451 (Tex.App.—Fort Worth 1991, writ denied). Mr. Hall must meet two requirements to be a consumer: (1) he must have sought or acquired goods or services by purchase or lease, *and* (2) the goods or services purchased or leased must form the basis of the DTPA complaint. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981). We find that Mr. Hall did not satisfy the second requirement.

Mr. Hall submits he meets the first prong because he or his predecessor acquired the original and subsequent pipeline under the land for consideration and presently he receives gas through the pipeline at cost. He contends this transaction forms the basis of the complaint. While we do not dispute that Mr. Hall consumes gas through the pipeline in question, his claim for damages to his land arises out of Lone Star's use of the easement. His complaint did not in any perceivable manner rest on his receipt of

gas which was *incidentally* provided by Lone Star. A plaintiff establishes its standing as a consumer by a relationship with the transaction, not by a relationship with the defendant. *See Tuscarora Corp. v. HJS Indus., Inc.,* 794 S.W.2d 435, 441 (Tex.App.—Corpus Christi 1990, writ denied). Here, Mr. Hall's relationship to his receipt of Lone Star's gas is immaterial to his claim of excessive use. Under the *Cameron* test, Mr. Hall's "transaction" did not form the basis of his complaint; we hold that he was not a "consumer" as a matter of law. Because Mr. Hall does not have a claim under the DTPA we need not address point of error five regarding the DTPA statute of limitations.

### CONCLUSION

Although we reject the trial court's holding that the easement granted Lone Star the right to lay multiple lines in the future, we affirm summary judgment in favor of Lone Star as to excessive use of the easement on the ground that this was a replacement line and that the original easement granted Lone Star the right to replace its line. We further affirm summary judgment in favor of Lone Star on Mr. Hall's DTPA claims, holding that the trial court properly found, as a matter of law, that Mr. Hall was not a consumer.

---

**2.** While the record reveals no confirmation the replacement line is the same size, Mr. Hall stated in Plaintiff's Answers to Defendant's Second Set of Interrogatories (September 8, 1995), that it was his "understanding now that the pipeline replaced was a ten inch pipeline replaced by a ten inch pipeline."

**3.** This conclusion does not address whether the replacement caused compensable damage to Mr. Hall's fixtures. The claim for damages to fences was severed by the trial court on December 2, 1996.