**PAGENSTECHER v. BIASIOLLI et ux.**

No. 12620.

Court of Civil Appeals of Texas.

San Antonio.

April 22, 1954.

L. M. Bickett, San Antonio, for appellant.

Park Street, San Antonio, for appellee.

NORVELL, Justice.

The appellant, Gustav A. Pagenstecher, sought a mandatory injunction against appellees, J. J. Biasiolli and wife, Clara Biasiolli, requiring the removal of certain obstructions from a right of way. The case was tried to a jury and judgment against appellant rendered after the court had set aside certain findings as having no support in the evidence. Rule 301, Texas Rules of Civil Procedure.

It is asserted by motion that this cause is now moot, as appellees have removed all obstructions from the way. The motion is not supported by affidavit and is contradicted by appellant. There is no doubt as to this Court's jurisdiction at the time of the perfection of the appeal, and it not being conclusively shown that the obstructions have been removed, we must proceed upon the theory of continuing jurisdiction.

Shortly after the judgment appealed from was rendered, the Supreme Court handed down its opinion in Williams v. Thompson, Tex.Sup., 256 S.W.2d 399, and the principles announced therein indicate the proper disposition of this appeal.

In 1929, appellant purchased a 13.25 acre tract of land from Alfred Toepperwein. In order to provide a way connecting this tract with the Smithson Valley Road, Toep-

perwein also conveyed to appellant an easement for a roadway, which was specifically described by metes and bounds. The appellees afterwards acquired the land over which the easement lies. Appellant contends that appellees have erected structures upon the roadway, as described in his deed, dumped trash, cans and brush thereon, and otherwise obstructed the way.

While the jury refused to find that appellees had dumped trash upon the roadway, it found, nevertheless, as to artificial structures, that a portion of appellees' tenant house, cattle loading chute and barn were located upon the way described in the deed, and that such structures interfered with appellant's use of the roadway in going to and from his house situated on the 13.25 acre tract. Other findings were made, but they are not controlling and need not be further mentioned. Upon motion, the court disregarded the findings that the existence of the structures upon the way interfered with appellant's use thereof.

Regardless of what may have been the opinion of either the jury or the court below as to whether appellees' structures interfered with appellant's present use of the roadway, we think an injunction should have been granted. The structures encroaching upon the way were permanent in nature and could be made the basis of an impairment of the easement by prescription. 17 Am.Jur. 1007, Easements, § 114. Under such circumstances, a suit for injunction will lie. 17 Am.Jur. 1035, Easements, §§ 152, 153. It is also stated in American Jurisprudence that, "If, however, the limits of a way are defined (as is the case here), the grantee has the right of free passage not only over the traveled part, but also on such portion of the way as he thinks proper and necessary." 17 Am. Jur., 1002, Easements, § 105. As authority for this statement, the case of Harvey v. Crane, 85 Mich. 316, 48 N.W. 582, 12 L.R.A. 601, is cited. Harvey v. Crane was followed in Murray v. Dickson, 57 Tex.Civ. App. 620, 123 S.W. 179, which in turn was cited with approval by the Supreme Court in Williams v. Thompson, supra.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded with directions to grant the injunction as prayed for by appellant. 2 Thompson, Real Property, 190, § 584; 3, Tiffany, Real Property, 364, § 815; 28 C.J. S., Easements, § 107, b. (c), pp. 788, 791.

Reversed and remanded with directions.