Opinion issued January 06, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01331-CV




JOHN T. UNGER AND KATHY J. WELCH, Appellants

V.

FRANCIS LANDRY AND WIFE, TAMARRA LANDRY, Appellees




On Appeal from the 335th District Court
Burleson County, Texas
Trial Court Cause No. 23,581




MEMORANDUM OPINION

          This is a real property dispute concerning the scope and use of an easement. 
The holders of the dominant estate, appellees, Francis and Tamarra Landry, brought
suit against the holders of the servient estate, appellants, John Unger and Kathy J.
Welch (“Unger”). The parties filed cross motions for summary judgment, and the
trial court granted summary judgment in favor of the Landrys.


 
          In three issues, Unger contends that the trial court erred in granting the
Landrys’ motion for summary judgment and in denying Unger’s motion for summary
judgment. Specifically, Unger contends that the trial court erred (1) in finding that
the Landrys were entitled to free and uninterrupted use of the entire width of the
easement, (2) in finding that improvements constructed by Unger must be removed,
and (3) in awarding attorney’s fees to the Landrys rather than to Unger.
          We affirm.BACKGROUNDThis dispute concerns a 286-acre tract in Burleson County on County Road
205. In 1961, Garwood Gerdes acquired the tract and subdivided it into smaller
parcels. Only one parcel had direct access to the county road—96 acres known as the
Royal C. Fisher parcel (“Fisher”). The other parcels were interior to Fisher and could
only access the county road over Fisher. 
          In 1962, Gerdes executed a warranty deed in favor of the Veterans Land Board
(“VLB”) in which he set out a 30-foot wide easement appurtenant along the eastern
edge of the Fisher parcel. In 1986, the VLB executed a grant titled, “Conveyance of
Easement” (“Conveyance”), in favor of Caldwell National Bank, as a supplement to
the 1962 easement. It is the language in the Conveyance that is the subject of this
suit.
          In 1993, the Landrys acquired one of the interior parcels and an interest in the
easement. 
          In 2001, Unger purchased the Fisher tract and constructed approximately 1900
feet of perimeter fence along and within the edge of the easement—encroaching
approximately 13 to 17 feet into the easement. In addition, Unger relocated a
drainage culvert and posted a “No Trespassing” sign within the easement.
          The Landrys brought suit to enjoin Unger’s interference with the easement. 
The Landrys moved for partial summary judgment on the ground that, as a matter of
law, the Landrys are entitled to “free and uninterrupted use” of the entire 30-foot
easement, as expressed by the metes and bounds description in the Conveyance.
          Subsequently, Unger moved for summary judgment on the grounds that the
express terms of the easement limit the Landrys’ use to a certain roadway within the
metes and bounds description. Further, Unger asserted that the improvements did not
interfere with the Landrys’ permitted use of the easement for ingress and egress.
          The trial court found that, as a matter of law, the Landrys have free and
uninterrupted use of the entire 30-foot easement and granted partial summary
judgment to the Landrys. After a hearing, the trial court ordered Unger to remove the
fence, culvert, and sign within 60 days of the final judgment. In addition, the court
permanently enjoined Unger from making any further improvements within the
easement. Further, attorney’s fees were awarded to the Landrys.Standard of ReviewWe review a trial court’s granting of a summary judgment de novo. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). A summary
judgment is properly granted only when a movant establishes that there are no
genuine issues of material fact and he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546, 548 (Tex. 1985). A
defendant moving for summary judgment must either (1) disprove at least one
element of the plaintiff’s cause of action or (2) plead and conclusively establish each
essential element of an affirmative defense to rebut the plaintiff’s cause. Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). In deciding whether there is a disputed
material fact precluding summary judgment, every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. Tex. R.
Civ. P. 166a; Nixon, 690 S.W.2d at 549. The usual presumption that the judgment is
correct does not apply to summary judgments. See Montgomery v. Kennedy, 669
S.W.2d 309, 311 (Tex. 1984).
          When, as here, both parties have moved for summary judgment and the trial
court grants one and denies the other, we review all the evidence, determine all
questions presented, and render the judgment the trial court should have rendered. 
FM Props., 22 S.W.3d at 872; Koelsch v. Indus. Gas Supply Corp., 132 S.W.3d 494,
497 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). 
          The issue presented here is whether an express easement described by metes
and bounds defines the boundaries of an easement over the less specific description,
“in and along a certain roadway now across a certain tract of land.” This is a question
of law, not fact. See Koelsch, 132 S.W.2d at 497. Thus, we determine whether the
trial court properly rendered summary judgment as a matter of law. See id.; Tex. R.
Civ. P. 166a(c).
Scope and Use of the Easement
          In his first and second issues, Unger contends that the trial court failed to
properly limit the Landrys’ use of the easement to the roadway and failed to properly
allow Unger’s use of the easement because his improvements are not inconsistent
with and do not unreasonably interfere with the Landrys’ permitted use of the
roadway. 
 
A.      The Scope of the Easement
          The Conveyance granted 
free and uninterrupted use, liberty, privilege and easement of passing in
and along a certain roadway now across a certain tract of land . . . said
easement being perpetual and over and across the following described
tract of land, to wit: 
 
[metes and bounds description of a 30-foot easement across
Fisher] 
 
together with free ingress, egress, regress to and for [the Landrys’
predecessors in interest], its successors and assigns, for such use as shall
be necessary or convenient at all times and seasons forever, in, along,
upon and out of said way, in common with the said Grantors [Unger’s
predecessors in interest], their heirs, successors and assigns.
(Emphasis added.) At issue are the words, “in and along a certain roadway now
across a certain tract of land.” Unger asserts that this language indicates that the
easement is limited to the roadway as it existed when the easement was granted on
May 28, 1986. Unger contends that the trial court erroneously expanded the easement
beyond its intended scope when it granted the Landrys the use of the entire 30-foot
easement as described by the metes and bounds. In essence, Unger contends that the
metes and bounds description was not the intended grant; rather, the roadway was the
intended grant, and the metes and bounds description was intended merely as an aid
in locating the roadway.
          In determining the scope of the Landrys’ easement, it must be remembered that
their rights do not solely arise from necessity or convenience; rather, they arise from
an express grant in a recorded instrument. See Williams v. Thompson, 256 S.W.2d
399, 403 (Tex. 1953). When considering the terms of an express easement, we apply
basic principles of contract construction and interpretation. Marcus Cable Assoc.,
L.P. v. Krohn, 90 S.W.3d 697, 700 (Tex. 2002). The intent expressed in the grant by
the contracting parties determines the scope of the easement. Id. at 700-01. The
express terms in the easement are given their generally accepted meaning. Id. at 701. 
“Nothing passes by implication ‘except what is reasonably necessary’ to fairly enjoy
the rights expressly granted.” Id.  (quoting Coleman v. Forister, 514 S.W.2d 899,
903 (Tex. 1974)). In carrying out the purpose for which the easement was created,
we read the terms of the easement as a whole. Koelsch, 132 S.W.3d at 498. Unless
the language is ambiguous, we rely solely on the written instrument. Id.
          Neither party argues that the descriptive provision of the Convenyance is
ambiguous; rather, they disagree over its construction and interpretation. When a
contract is not ambiguous, its construction is a question of law for the court. MCI
Telecomm. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 650 (Tex. 1999). Both
parties urge us to determine the scope of the easement as a matter of law. See
Marcus, 90 S.W.3d at 703.
          Here, the express terms of the grant give the Landrys the full right to use the
entire width of a metes and bounds description encompassing 30 feet of the eastern
edge of the servient estate. There are no words in the grant specifically limiting the
Landrys’ use to a specific roadway then in use or to that part of the easement which
may be necessary or convenient. See Williams, 256 S.W.2d at 400, 405 (finding no
such limitation in similar deed language that allowed use of “the streets, alleys and
roads running through said property . . . more carefully described as [metes and
bounds]”). Indeed, the grant provides “free ingress, egress, regress to and for . . .
such use as shall be necessary or convenient at all times and seasons forever, in,
along, upon and out of said way.” (Emphasis added.) When, after applying
established rules of contract construction, an easement is open to only a single,
reasonable and definite interpretation, we must construe it as a matter of law even
though the parties offer different interpretations of the easement’s terms. See Marcus,
90 S.W.3d at 703. 
          The Texas Supreme Court has held that the rights of the dominant estate are
paramount, to the extent of the grant, to the rights of the servient estate. See
Williams, 256 S.W.2d at 403 (citing Murray v. Dickson, 123 S.W.2d 179 (Tex. Civ.
App.—Dallas 1909, no writ), for the proposition that “the owner of a way, whose
limits are defined in the grant, has not only the right of free passage over the traveled
part but also over such portions of the way as he thinks proper or necessary”). In
Williams, the court held that the holder of the dominant estate had the right to use the
entire 30 feet described in the grant for a roadway because “it follows logically, in the
absence of restrictive words in the grant, that the grantee can fit the entire width for
use.” Id. at 404-05 (quoting Rotch v. Livingston, 40 A. 426, 427 (Me. 1898)). As far
as width is concerned, an easement holder’s “right to make a road is as wide as his
right to a road.” Id. at 404 (quoting Rotch, 40 A. at 432).
          In sum, the language in the easement, properly construed, does not permit an
indefinite road description to govern. Where a grantor specifically conveys by metes
and bounds, “there can be no controversy over what land is specifically conveyed.” 
Southern Pine Lumber Co. v. Hart, 340 S.W.2d 775, 780 (Tex. 1960). A more
general description will not control. Id. We cannot disregard the express metes and
bounds description. Because the easement here can be given a definite meaning, we
interpret it as a matter of law to encompass the boundaries set in the metes and
bounds description of the easement. See Marcus, 90 S.W.3d at 703.
2.       Use of the Easement by the Servient Estate
          Unger contends that he should be allowed to use the land within the easement
for any purpose not inconsistent with the Landrys’ use. Unger contends that the
construction of the fence, the re-location of culvert pipe and drainage ditches, and the
erection of a “No Trespassing” sign in no way impede the Landrys’ use of the
roadway; thus, the improvements should be allowed. Unger contends that the trial
court failed to consider whether he has unreasonably interfered with the Landrys’
present use of the roadway. However, where a use does not serve the express purpose
of an easement, it is an unauthorized presence—a trespass—whether or not it results
in any noticeable burden on the servient estate. See id.
          Moreover, the evidence shows that the fence, buried culvert pipe, and re-routed
drainage ditch are permanent in nature and encroach on the easement. See
Pagenstecher v. Biasiolli, 267 S.W.2d 576, 577 (Tex. App.—San Antonio 1954, no
writ). These encroachments could be made the basis of an impairment of the
easement by prescription. Id. Under such circumstances, a suit for injunction will lie
without a showing of actual interference. See id. 
          We overrule appellant’s first and second issues.
Attorney’s Fees
          In his third issue, Unger contends that the trial court erred in awarding
attorney’s fees to the Landrys rather than to Unger. 
          Section 37.009 of the Texas Civil Practice and Remedies Code provides that,
in a declaratory action, the trial court has discretion to award costs and reasonable and
necessary attorney’s fees as are equitable and just. Tex. Civ. Prac. & Rem. Code 
Ann. § 37.009 (Vernon 1997). We will not reverse the award absent a clear showing
of an abuse of that discretion. Knighton v. Int’l Bus. Mach. Corp., 856 S.W.2d 206,
210 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Unger does not contend that
the fees awarded to the Landrys were inequitable or that the amount awarded was not
supported by the evidence; rather, Unger contends that the Landrys simply should not
have prevailed, so they should not have been awarded attorney’s fees. 
          Because the Landrys have prevailed upon their declaratory cause of action and
have provided evidence of reasonable and necessary attorney’s fees, we hold that the
trial court properly awarded attorney’s fees to the Landrys. 
          We overrule appellants’ third issue.
CONCLUSION
          As no issue of material fact remains, we find that summary judgment was
properly granted as a matter of law. We affirm the judgment of the trial court.



                                                   Laura Carter Higley 
                                                   Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.