**Robert Stuart KOELSCH; Francita Ulmer, f/k/a Francita Stuart Koelsch, Individually and as Independent Executor of the Estate of Robert C. Stuart; and Frances Hubbard Koelsch, Appellants,**

v.

**INDUSTRIAL GAS SUPPLY CORPORATION,**
**Appellee.**

**No. 01–02–01106–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 2004.

Rehearing Overruled April 29, 2004.

---

Robert Stuart Koelsch, Houston, appellant pro se.

Joel Z. Montgomery, Baker Botts, L.L.P., Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

This is an appeal of summary judgment rendered for defendant/appellee, Industrial Gas Supply Corporation, against plaintiffs/appellants, Robert Stuart Koelsch; Francita Ulmer, f/k/a Francita Stuart Koelsch, Individually and as Independent Executor of the Estate of Robert C. Stuart; and Frances Hubbard Koelsch (collectively, the Koelsches), in their suit for trespass and inverse condemnation. In two issues presented for review, the Koelsches contend that the trial court erred in granting Industrial Gas's motion for summary judgment and in denying the Koelsches' motion for partial summary judgment. We affirm.

## FACTS

The parties do not dispute the underlying facts in this case; thus, they submitted a joint stipulation of material facts to the trial court. In 1944, before Bellfort Avenue had been constructed in Houston, T.W. and Rose Williams conveyed to Defense Plant Corporation an easement permitting the corporation, and its successors and assigns, to:

> **lay, operate, renew, alter, inspect and maintain two pipe lines** for the transportation of oil, gas, petroleum products or any other material or substance which can be transported through a pipeline, or any one or more of said substances **upon, over, under and through** the following described land ... and Grantee at any and all reasonable times shall have the right of ingress and egress to and from such pipe lines, and may remove the same, in whole or in part, at will.

> TO HAVE AND TO HOLD the said easements unto said Defense Plant Corporation, its successors and assigns, so long as such structures or any thereof are maintained.

> By the acceptance hereof, **Grantee agrees to bury such pipe lines** so that they will not interfere with the cultivation or drainage of the land, and also to pay any and all damages to stock, crops, fences and land which may be suffered from the construction, operation, renewal, alteration, inspection or maintenance of such pipe lines.

(Emphasis added.) Defense Plant buried the pipe lines but constructed an aboveground block valve assembly, a necessary pipe line safety feature, on a portion of the easement near Sims Bayou.

The Koelsches are the successors-in-interest to the Williamses, and Industrial Gas is the successor-in-interest to Defense Plant. The Koelsches partitioned and sold a portion of the land, including the land on which the block valve assembly was located. In December 1993, as part of work being performed on Sims Bayou, the Harris County Flood Control District required Industrial Gas to move the block valve assembly. Industrial Gas relocated it approximately 1,000 feet to the west on land still owned by the Koelsches.

In 2001, the Koelsches sued Industrial Gas for trespass and inverse condemnation, seeking relocation of the block-valve and damages. Both parties filed motions for summary judgment. The trial court granted Industrial Gas's motion and denied the Koelsches' motion, and this appeal ensued.

## DISCUSSION

In two issues presented for review, the Koelsches contend that the trial court erred in rendering summary judgment for Industrial Gas and in denying the Koelsches' motion for partial summary judgment.

### Standard of Review

■ When both sides move for summary judgment and the trial court grants one motion but denies the other, we review all of the evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Stewart Title Guaranty Co. v. Hadnot,* 101 S.W.3d 642, 644 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). The issues presented to the trial court here were questions of law, not fact—that is, whether the terms of the easement permitted Industrial Gas to relocate the block valve assembly and, if not, whether the Koelsches may recover damages for trespass or inverse condem-

nation associated with the relocation. We therefore must determine whether the trial court properly rendered summary judgment on the law. *See* TEX.R. CIV. P. 166a(c).

### Trespass and Inverse Condemnation

■ A trespasser enters another's property without express or implied permission. *Mellon Mortg. Co. v. Holder,* 5 S.W.3d 654, 671 (Tex.1999). To recover for trespass, a plaintiff must establish that the defendant committed an act exceeding the bounds of any legal rights he may have possessed. *See Murphy v. Fannin County Elec. Coop.,* 957 S.W.2d 900, 903–04 (Tex.App.-Texarkana 1997, no pet.).

■ Inverse condemnation occurs when property is taken, damaged, or destroyed for public use without due process or proper condemnation proceedings. *See City of Abilene v. Burk Royalty Co.,* 470 S.W.2d 643, 646 (Tex.1971); *Allen v. City of Texas City,* 775 S.W.2d 863, 864 (Tex.App.-Houston [1st Dist.] 1989, writ denied).

As Industrial Gas notes, an element essential to both causes of action is that the act committed was without any legal authority. If the scope of the rights granted by the easement included placement of the block valve assembly on the land, then the act was authorized and the Koelsches cannot prevail on either claim.

### Scope of Easement

■ An easement is a non-possessory interest that authorizes its holder to use the property for a particular purpose. *Marcus Cable Assocs. v. Krohn,* 90 S.W.3d 697, 700 (Tex.2002). When considering the terms of an easement, we apply basic principles of contract construction and interpretation. *Id.; see also Adams v. Norsworthy Ranch, Ltd.,* 975 S.W.2d 424, 427 (Tex.App.-Austin 1998, no pet.). The contracting parties' intentions, as expressed in

the grant, determine the scope of the interest conveyed. *Marcus Cable*, 90 S.W.3d at 700–01. We read the terms of an easement as a whole to reach an adequate interpretation of the parties' intentions and to carry out the purpose for which the easement was created. *Id.* at 701; *DeWitt County Elec. Coop. v. Parks*, 1 S.W.3d 96, 101 (Tex.1999). Unless the language is ambiguous, we rely solely on the written instrument. *Adams*, 975 S.W.2d at 427–28. We assume that the parties intend for every clause to have some effect. *Eastman Software, Inc. v. Texas Commerce Bank, N.A.*, 28 S.W.3d 79, 85 (Tex.App.-Texarkana 2000, pet. denied). When the provisions of a contract appear to conflict, we harmonize them, if possible, to reflect the intentions of the parties. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex.1983); *Dorsett v. Cross*, 106 S.W.3d 213, 220 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). To achieve this objective, we examine and consider the entire contract to harmonize and give effect to all its provisions, so that none will be rendered meaningless. *Dorsett*, 106 S.W.3d at 220. In harmonizing contractual provisions, we must favor terms stated earlier in an agreement over subsequent terms. *Id.*

The parties do not contest the geographical scope of the easement; rather, they contest only the interpretation of the rights granted by the easement conveyance. The Koelsches point out that while the conveyance expressly grants the right to "lay, operate, renew, alter, inspect and maintain two pipe lines ... upon, over, under and through" the Koelsches' land, it does not provide for an above-ground block valve assembly. They point us to the Texas Supreme Court's recent observation in regard to an easement that nothing passes by implication except what is necessary to enjoy the rights expressly granted. *Marcus Cable*, 90 S.W.3d at 701.

The Koelsches also point out that the subordinate clause expressly requires that the pipelines be buried. Relying principally on *Consolidated Foods Corporation v. Water Works and Sanitary Sewer Board*, 294 Ala. 518, 319 So.2d 261, 264–65 (1975), they argue that the subordinate clause renders the terms "upon, over, under and through" in the granting clause a "mere prepositional litany" denoting a right of ingress and egress across appellants' property. Alternatively, they argue that the "upon, over, under, and through" language should be construed as referring only to the relative position of the buried pipelines with respect to each other; that is, they argue that the easement permits some pipelines to be laid above others under the ground.

In sum, the Koelsches argue that since the right to construct and relocate an above-ground block valve assembly was not expressly granted and is inconsistent with the subordinate clause's requirement that the pipeline be buried, Industrial Gas trespassed and harmed their land when it relocated the block valve assembly to another part of the easement. We disagree.

The granting clause expressly conveys the right to "lay, operate, renew, alter, inspect and maintain two pipe lines ... upon, over, under and through" the land. The right to build a pipeline block valve assembly above the land and the right to maintain and renew the block valve assembly in connection with the operation of the pipeline are naturally encompassed by the plain language of the granting clause as rights necessary to the enjoyment of the easement. Therefore, the Koelsches' reliance on *Marcus Cable* as support for their position that nothing passes by implication in an easement except when it is necessary to enjoy the rights expressly conveyed is misplaced. *See Marcus Cable*, 90 S.W.3d at 701.

Moreover, this interpretation of the granting clause is consistent with the subordinate clause and gives meaning to and harmonizes the instrument as a whole. It does not follow from the requirement in the subordinate clause that the pipelines themselves be buried that every appurtenance necessary to the operation, maintenance and renewal of a buried pipeline must likewise be buried, and any such construction would render the words "upon, over, under, and through" meaningless. As the Alabama court itself recognized in *Consolidated Foods*, "The language, 'in, upon, along and across' is not inconsistent with 'under the ground.'" 319 So.2d at 264. The difference between this case and *Consolidated Foods* is that the right conveyed by the granting clause here is not merely a right of ingress of egress but a broader express right to "lay, operate, renew, alter, inspect and maintain" the pipelines.

Because Industrial Gas's construction of an above-ground block valve assembly and the placement of the assembly on a different portion of the easement fall within the rights conveyed, we hold that the relocation was permitted by the easement conveyance and could not, as a matter of law, constitute trespass or inverse condemnation.[1]

## CONCLUSION

The trial court did not err in granting Industrial Gas's motion for summary judgment and denying the Koelsches' motion for partial summary judgment. We overrule both issues presented for review. Given our disposition, we need not address Industrial Gas's arguments regarding a prescriptive easement.

We affirm the trial court's judgment.

---

1. The Koelsches also argue that they are entitled by the terms of the easement conveyance to recover for damages to the land caused by the relocation. They failed to plead a contract claim, however; and they acknowledge in the clerk's record that any claim they might have had under the contract for damage to the land suffered from the relocation of the block valve in 1993 is barred by limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997).