In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-063 CV


____________________



BILLIE MARIE BAGLEY, MARVIN ALEXANDER LOUVIER,


MARY E. HARLE, SHARI PARKER, KARL HOLLIER,


LUCIA FLANAGAN, AND SHEILA SACHITANO, Appellants



V.



CENTANA INTRASTATE PIPELINE, L.L.C. 


and DUKE ENERGY FIELD SERVICES, L.P., Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-167,889







MEMORANDUM OPINION


 Appellants Billie Marie Bagley, Marvin Alexander Louvier, Mary E. Harle, Shari
Parker, Karl Hollier, Lucia Flanagan, and Sheila Sachitano filed suit for a permanent
injunction, declaratory judgment, and for damages for intentional and knowing trespass
against appellees, Centana Intrastate Pipeline, L.L.C. and Duke Energy Field Services, L.P. 
Appellees filed a motion for summary judgment and appellants filed a partial motion for
summary judgment on the issue of trespass. Appellants appeal the trial court's order denying
their partial summary judgment motion and granting appellees' summary judgment motion. 
The question presented is whether the language of a 1987 easement agreement authorizes
appellants to do the pipeline work appellees performed in November 2001. We conclude it
does.

 When both parties move for summary judgment and the trial court grants one but
denies the other, the appellate court must review all the evidence, determine all questions
presented, and render the judgment the trial court should have rendered. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). Because the summary
judgment order does not specify the ground or grounds on which the trial court relied for its
ruling, we will affirm the summary judgment if any of the summary judgment grounds is
meritorious. Id. 

 Appellees own, operate, and maintain multiple gas pipelines under and through
appellants' tract of land in Jefferson County, Texas, pursuant to several right-of-way
agreements and express easements executed by appellants or their predecessors in title. One
of the express easement agreements executed in 1987 granted appellees' predecessor-in-
interest a right-of-way to construct two 12-inch diameter pipelines, referred to by appellees
as lines 17 and 19, upon appellants' property. Section I of the 1987 easement agreement
provides that the grantees have:

 a right of way and easement along a route (the location of the pipelines, as
constructed, to evidence such a route) to construct, survey, lay, maintain, test,
protect, operate, repair, alter, replace, but not enlarge the size of and abandon
in place pipelines and appurtenant facilities as depicted on Exhibit A for the
transportation of oil, gas petroleum products, or any other liquids, gasses
(including inert gasses) or substances which can be transported through a
pipeline, together with all rights necessary and convenient for the enjoyment
of rights, privileges, and easements hereby granted, through and within that
certain pipeline right-of-way and easement hereinafter set forth across, under
and upon the lands of GRANTOR in the County of Jefferson, State of Texas,
as hereinafter described. 


Section III provides the following:


 There is included in this grant the right, from time to time, to lay,
construct, maintain, operate, alter, repair, replace, remove, change the size of,
but not enlarge the size of the line. The pipeline to be constructed will be no
larger than 12" in diameter. If at any time it becomes necessary to repair,
remove and/or replace said pipeline, GRANTEE shall pay GRANTOR for any
damages caused to GRANTOR's land as a result of such work. 


Exhibit A, attached to the 1987 agreement, depicts the original pipeline installed in 1987 
pursuant to the agreement. 

 In 2001, appellee Duke began receiving supplies from offshore into their "line 27"
which runs across appellants' property. Duke wanted to process the supplies coming into
line 27, but the line was not connected to its Port Arthur plant, a plant that is adjacent to
appellants' property where natural gas is processed. Duke decided to put in the added pipe 
to connect line 27 to the Port Arthur plant in order for the plant to receive the gas from line
27, process the gas, and then transport the resulting product through a residue line. In order
to install the extension, Duke severed one leg of the original line 17 that went into the plant,
and connected line 27 to another leg of line 17 with a 105-foot section of 12-inch pipeline. 
The pipeline is owned by appellee Centana, a wholly owned subsidiary of appellee Duke. 

 Appellants argue in their first issue that the trial court erred in denying their motion
for partial summary judgment because appellants suffered damages and injuries as a result
of appellees' intentional acts contrary to the specific terms of the 1987 easement agreement. 
In their second issue, appellants argue the trial court erred in granting appellees' motion for
summary judgment based on the same intentional acts by appellees. We need only address
appellants' second issue as it is dispositive. 

 An easement is a nonpossessory interest that authorizes a holder's use of property for
only particular purposes. See Marcus Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 700
(Tex. 2002). The easement holder's rights are limited to those expressed in the grant. See
DeWitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 103 (Tex. 1999). An easement
holder must exercise the rights granted by the easement in a reasonable manner and without
negligence. See Sun Pipe Line Co. v. Kirkpatrick, 514 S.W.2d 789, 792 (Tex. Civ. App.--Beaumont 1974, writ ref'd n.r.e.).

 Principles of contract construction and interpretation apply in determining the parties'
intentions expressed in the grant. See Marcus Cable Assocs., 90 S.W.3d at 700-01. When
interpreting a contract, the intent of the parties is to be determined from the express language
found within the four corners of the document. See generally Luckel v. White, 819 S.W.2d
459, 461 (Tex. 1991). We must read all parts of a contract together in order to ascertain the
agreement of the parties. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994). 
Words not defined in the instrument are given their plain, ordinary, and generally accepted
meaning. Marcus Cable Assocs., 90 S.W.3d at 701. When the language used in the
easement agreement can be given a certain and definite meaning, a court must interpret the
unambiguous easement agreement as a matter of law. DeWitt County Elec. Coop., 1 S.W.3d
at 100. A contract is ambiguous if it is subject to "two or more reasonable interpretations
after applying the pertinent rules of construction[.]" Columbia Gas Transmission Corp. v.
New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996). Ambiguity does not exist merely
because the parties assert opposing interpretations. Id. 

 In their second issue, appellants contend appellees' pipeline addition connecting line
27 to line 17 in 2001 was not authorized by the 1987 easement agreement, and thereby
constituted a trespass, because the lengthening of the pipeline enlarged the size of the
original pipeline. Appellants rely on Houston Pipe Line Company v. Dwyer, 374 S.W.2d 662
(Tex. 1964), and Koelsch v. Industrial Gas Supply Corporation, 132 S.W.3d 494 (Tex. App.--Houston [1st Dist.] 2004, pet. denied). In Dwyer, the easement agreement granted Houston
Pipe Line Company a right of way and easement over the plaintiffs' property. Dwyer, 374
S.W.2d at 663. The easement stated that the plaintiffs "grant, sell and convey unto second
party a right of way to lay, maintain, operate, repair and remove a Pipe Line for the
transportation of gas. . . ." Id. The parties struck the words "and remove" from the granting
clause. Id. There was no limitation in the easement as to the size of the pipeline to be laid. 
Id.

 Houston Pipe Line Company removed an original pipe in the pipeline which was 18
inches in diameter. Id. The company replaced it with a 30-inch pipe. Id. The question on
appeal was whether the easement agreement allowed for the removal of the 18-inch pipe and
the replacement with the 30-inch pipe. Id. at 664-66. The plaintiffs argued the deletion of
the words "and remove" prohibited the pipe's removal or replacement, and that upon the
pipeline's removal, the Houston Pipe Line's rights and easements terminated. Id at 664. 
Houston Pipe Line argued the agreement authorized them to remove and replace the original
pipe when the pipe's condition required such replacement. Id. Houston Pipe Line asserted
that because the dictionary definition of "remove" is "to relocate" or "put in a different
place," the grantors deleted the words "and remove" in order to prohibit the pipe from being
relocated after it was originally established, not to prohibit the replacement of the pipe. Id. 
The Supreme Court of Texas held that when Houston Pipe Line constructed the 18-inch
pipeline, the extent of Houston Pipe Line's rights under the agreement became "fixed and
certain," and that they were not authorized to remove the 18-inch line and replace it with a
line of substantially greater size. Id. at 666.

 In the present case, the word "remove" was not deleted from the 1987 easement. 
Appellees added a section of pipe to the original 12-inch diameter pipe, but did not exceed
the 12-inch diameter limitation. In Dwyer, however, there was no restriction on the size of
the pipe to be laid. Id. at 663. Houston Pipe Line removed an 18-inch pipe and replaced it
with a 30-inch pipe, thereby increasing the burden on the property owners. Id. at 665-66. 
We find Dwyer inapplicable here. 

 Koelsch involved an easement granting Industrial Gas Supply the right to "lay,
operate, renew, alter, inspect, and maintain two pipelines . . . upon, over, under and through"
the plaintiffs' property. Koelsch, 132 S.W.3d at 496. Industrial Gas Supply relocated an
above-ground block assembly. Id. at 497. The landowner asserted the easement did not
authorize the right to construct or relocate the above-ground block assembly. Id. at 498. The
First Court of Appeals held that the construction of the above-ground block assembly and the
replacement of the assembly elsewhere on the easement fell within the rights conveyed. Id.
at 499.

 Appellants assert Koelsch demonstrates the rights afforded the grantee of an easement. 
They argue the "actions taken by the Appellees are in no way comparable to the actions taken
by the grantees in Koelsch" and that appellees have "taken actions contrary to the language
of the agreement and have exceeded the scope of their rights granted to them." Neither
Dwyer nor Koelsch supports appellants' position that the language of the 1987 easement 
prohibits the lengthening of the pipeline within the physical boundaries of the easement.

 The terms of the 1987 easement agreement are not ambiguous. Reading the easement
as a whole and giving effect to all its provisions so that none are meaningless, we interpret
the restriction by the grantor not to "enlarge the size of" the pipeline to be further explained
by the next sentence, which limits the diameter of the pipe to 12 inches. Appellants' position
-- that the easement prohibits extending the length of the pipeline -- would render
meaningless the 1987 easement's grant of the right "from time to time, to lay, construct,
maintain, operate, alter, repair, replace, [and] remove" its pipelines, and the grant of the right
to "construct, survey, lay, maintain, test, protect, operate, repair, alter, [and] replace" its
pipelines. Such an interpretation would also unreasonably restrict the rights granted
appellees in the easement. We read the 1987 easement to allow appellees to change the size
of the pipeline as long as they do not increase the width of the pipe to greater than 12 inches.

 Appellants also assert the parties to the 1987 agreement did not bargain for a "new
pipeline" nor contemplate the property would be burdened with the prospective
transportation of gas from offshore. They contend the grant was for a specific pipeline at a
specific location within a specific area and with specific starting and ending location as set
forth in Exhibit A to the 1987 easement agreement. Under the agreement, appellees were
granted the right to alter, replace, remove, repair, and maintain its pipelines and to make use
of the easement as necessary and convenient within the physical boundaries of the easement. 
To "alter" means "to cause to become different in some particular characteristic (as measure,
dimension, course, arrangement, or inclination) without changing into something else." 
Webster's Third New International Dictionary 63 (2002). Appellees altered one of
the existing 12-inch pipelines within the original easement by adding a 105-foot section of
12-inch pipe. The 105-foot section is entirely within the easement. 

 Appellees' modification of the pipeline is naturally encompassed by the grant of the
right to alter, replace, remove, repair, and maintain its pipelines. Appellees' lengthening of
the pipeline with 12-inch diameter pipe fell within the restrictions of the grant. The trial
court did not err in granting appellees' motion for summary judgment and denying
appellants' motion for partial summary judgment.

 Appellants' issues are overruled. The trial court's order granting appellees' motion
for summary judgment and denying appellants' motion for partial summary judgment is
affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on October 5, 2006

Opinion Delivered March 22, 2007



Before McKeithen, C.J., Gaultney and Kreger, JJ.

CONCURRING OPINION


 Appellees added a pipeline within the area of the easement. The line joined an
existing pipeline, but the additional line was not a mere alteration of the existing line. The
easement agreement refers to a "route" the existing pipeline follows. The new line takes a
different route and is not "as depicted" on Exhibit A to the agreement. The easement does
not expressly grant appellees the right to lay an additional pipeline. "[W]here no express
provision in the easement granting the right to lay additional lines exists, a court will not
imply rights beyond those of the easement." Hall v. Lone Star Gas Co., 954 S.W.2d 174, 176
(Tex. App.--Austin 1997, pet. denied). 

 The parties' dispute is governed by a contract. See DeWitt County Elec. Coop. v.
Parks, 1 S.W.3d 96, 103, 105 (Tex. 1999) (where easement contract spelled out respective
rights, the contract governed dispute over those rights). Appellees do not have a tort claim. 
See generally id. at 105 (If a defendant's conduct would give rise to liability only because
it breaches the parties' easement agreement, the plaintiff's claim ordinarily sounds only in
contract.). The only two issues raised on appeal concern the trespass claim; appellants do not
ask for a reversal on any other claim. Because appellants have no trespass claim, I concur
with the majority's judgment. 


 _________________________________

 DAVID GAULTNEY

 Justice


Concurrence Delivered

March 22, 2007