Opinion issued December 22, 2009














 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00431-CV

____________


BROOKSHIRE KATY DRAINAGE DISTRICT, Appellant


V.


THE LILY GARDENS, LLC, RICHARD E. FLUECKIGER AND
KENNETH B. LUEDECKE, Appellees






On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 06-08-18415






MEMORANDUM OPINION


 This suit was instituted by the Brookshire Katy Drainage District (the
"District"), a political subdivision of the state of Texas located in Waller County,
against Lily Gardens, LLC. The District brought suit to obtain, among other things,
a declaration that a bridge covering built by Lily Gardens upon a culvert within the
District's drainage easement violates the District's easement rights, as well as
applicable rules and regulations. 

 The trial court granted Lily Gardens' motion for summary judgment and
awarded attorneys' fees to Lily Gardens under the Declaratory Judgments Act. In two
issues, the District contends the trial court erred in: (1) granting Lily Gardens'
motion for summary judgment because the bridge covering encroaches on the
District's easement rights and violates other rules and regulations; (2) awarding
attorney's fees to Lily Gardens because Lily Gardens is not entitled to fees under the
Declaratory Judgments Act. 

 We reverse the judgment of the trial court.

I. Background

 The Brookshire Katy Drainage District is a conservation and reclamation
district containing the waters of the Buffalo Bayou and the Barker Reservoir, which
was created by the Texas Legislature in 1961. See Tex. H.B.302, 59th Leg., R.S.
(1965), amended by Tex. H.B. 2959, 77th Leg, R.S. (2001); see also Tex. Const.
art. XVI, § 59; Tex. Water Code Ann. § 53.088 (Vernon 2000). The District is
charged with the "drainage of its overflowed lands." Tex. Const. art. XVI, § 59. To
accomplish this, the District "shall have and exercise, and is hereby vested with, all
of the rights, powers, privileges, and duties conferred and imposed by the general
Laws of the State of Texas." Id.

 This dispute concerns a 13.1161 acre property in Brookshire traversed by the
District's easement. The easement is the product of two express easement grants,
identical in language, made to the District in 1962. The easement is an approximately
ten-foot deep unpaved drainage ditch that severs the front portion of the property
from the larger back parcel. A cement bridge attached to a culvert within the ditch
connects the front and back parcels of the property. 

 In 2004, Appellees Richard Flueckiger and Kenneth Luedecke created Lily
Gardens, LLC, which purchased the property. Lily Gardens planned to cultivate
existing trees and plants on the property in order to create a botanical garden with an 
outdoor wedding venue and to sell flowers and aquatic plants. 

 Following its acquisition of the property, Lily Gardens began constructing a 
covered bridge on the culvert within the easement. Lily Gardens intended to use the
bridge to transport members of the public from a reception facility on the front part
of the property to a gazebo on the back portion of the property for use during
weddings and other events. On May 22, 2006, the District sent Lily Gardens a cease
and desist letter stating that the construction of the bridge covering constituted an
encroachment on the District's right-of-way and otherwise violated the easement
restrictions. The parties dispute whether construction of the bridge structure was
finally completed. (1)

 On August 8, 2006, the District filed suit against Lily Gardens. In its petition,
the District asserted causes of action for violation and breach of the easement,
trespass, and nuisance. The District also sought temporary and permanent injunctive
relief as well as a declaratory judgment that Lily Gardens' structure interferes with
and violates the easement, along with the District's rules and regulations.

 Lily Gardens filed a traditional and a "no evidence" motion for summary
judgment as to all causes of action. On December 15, 2006, the trial court issued a
summary judgment order holding that "the bridge covering at issue . . . does not
encroach on the [District's] easement rights," and that Lily Gardens is "not required
to remove the bridge covering and [Lily Gardens] [is] expressly allowed to complete
the bridge covering." 

 After conducting a hearing on attorney's fees, the trial court signed an amended
final judgment on June 1, 2007. In the amended final judgment, the trial court
reiterated that it had granted Lily Gardens' traditional and no evidence motions for
summary judgment, disposed of all of the remaining claims, including awarding
attorney's fees, and denied the District's motion for reconsideration. The amended
final judgment also restates that the "bridge covering" does not encroach on the
District's easement rights and that Lily Gardens is not required to remove it. 

II. Standard of Review


 A. Traditional and No-evidence Motions for Summary Judgment.


 We review a trial court's summary judgment decision de novo. Bendigo v. City
of Houston, 178 S.W.3d 112, 113 (Tex. App.--Houston [1st Dist.] 2005, no pet). A
traditional motion for summary judgment is properly granted only when the movant
establishes that there are no genuine issues of material fact to be decided and that he
is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Lear Siegler,
Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Memorial Med. Ctr. v. Howard, 975
S.W.2d 691, 692 (Tex. App.--Austin 1998, pet. denied). A defendant seeking
summary judgment must negate as a matter of law at least one element of each of the
plaintiff's theories of recovery or plead and prove as a matter of law each element of
an affirmative defense. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995). If the defendant establishes a right to summary judgment, the burden shifts
to the plaintiff to present evidence regarding a fact issue. See id.

 A party may also move for a "no-evidence" summary judgment. See Tex. R.
Civ. P. 166a(i). A trial court must grant a no-evidence motion for summary judgment
if: (1) the moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden of
proof at trial; and (2) the respondent produces no summary judgment evidence raising
a genuine issue of material fact on those elements. See id. In reviewing a no-evidence summary judgment, we review the evidence presented by the summary
judgment record in the light most favorable to the party against whom the summary
judgment was rendered, crediting evidence favorable to that party if reasonable jurors
could, and disregarding contrary evidence unless reasonable jurors could not. Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006) (citing City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005)). Lily Gardens filed both a traditional and
a no-evidence motion for summary judgment. 

 B. Interpretation of Easements


 An easement is a non-possessory interest that authorizes its holder to use
property for a particular purpose. Koelsch v. Indus. Gas Supply Corp. 132 S.W.3d
494, 497 (Tex. App.--Houston [1st Dist.] 2004, pet. denied) (citing Marcus Cable
Assocs. v. Krohn, 90 S.W.3d 697, 700 (Tex. 2002)). We interpret easements
according to basic principles of contract construction and interpretation. Marcus
Cable, 90 S.W.3d at 700; DeWitt County Elec. Co-op. Inc. v. Parks, 1 S.W.3d 96,
100 (Tex. 1999); Koelsch, 132 S.W.3d at 497. Courts construe contracts as a matter
of law and we review their rulings de novo. See J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 226, 229 (Tex. 2003) (applying rule in arbitration-agreement context)
(citing Coker v. Coker, 650 S.W.2 391, 394 (Tex. 1983)). The intent of the parties,
as expressed in the grant, determines the scope of the interest conveyed. Marcus
Cable, 90 S.W.3d at 700-01; Koelsch, 132 S.W.3d at 497-98. To interpret the
parties' intentions adequately and to discern the scope of the rights conveyed to the 
easement holder, we focus on the terms of the granting language. See Marcus Cable,
90 S.W.3d at 701 (citing DeWitt County Elec. Coop., 1 S.W.3d at 103 and Houston
Pipe Line Co. v. Dwyer, 374 S.W.2d 662, 664-65 (Tex. 1964)); Koelsch, 132 S.W.3d
at 497-98. An easement "should be interpreted to give effect to the intention of the
parties ascertaining from the language used in the instrument, or the circumstances
surrounding the creation of the servitude, and to carry out the purpose for which it
was created." Marcus Cable, 90 S.W.3d at 701. We rely solely on the written terms
of the easement unless the language is ambiguous. Koelsch, 132 S.W.3d at 498. 
When terms are not defined, we give them their "plain, ordinary, and generally
accepted meaning." Marcus Cable, 90 S.W.3d at 701. 


III. Discussion


 A. Encroachment on the District's Easement Rights


 The proper determination of this dispute turns on the express terms of the
instruments granting the District's easement. The easements are "for and in
consideration of the benefits to be derived on account of and from the construction,
operation and maintenance by Brookshire-Katy Drainage District, of the drainage
canal and system upon and through the land [. . .]" The easements grant to the
District "a right of way and easement for the purpose of constructing, maintaining,
operating, repairing and re-constructing a drainage canal, including drains, ditches,
laterals and levees, upon, over, through and across the land [ . . .]"(emphasis added.) 
The easements provide further:


 The DISTRICT shall have all rights and benefits necessary or
convenient for the full enjoyment or use of the rights herein granted,
with the right of ingress and egress to and from said drainage canal right
of way, provided, however, that after construction of said drainage
canal, said right of ingress and egress of the DISTRICT shall be limited
to the said right of way and to existing roads and passageways. The
DISTRICT is given the right from time to time to . . . abate other
obstruction, upon said canal right of way, that may injure, endanger,
or interfere with the construction, operation, maintenance and repair
of said drainage canal.


 (emphasis added).

 

 When an easement is susceptible to only one reasonable, definite interpretation
after applying established rules of contract construction, we are obligated to construe
it as a matter of law even if the parties offer different interpretations of the easement's
terms. Marcus Cable, 90 S.W.3d at 703. 

 Under the terms of the easement, the District has the right to construct, operate,
maintain, repair, and re-construct the drainage canal and system. Moreover, the
District may abate any obstructions that may interfere with the operation,
maintenance, and repair of its drainage canal. A "culvert" is part of the drainage or
canal system. See City of Tyler v. Fowler Furniture Co., Inc., 831 S.W.2d 399, 402
(Tex. App.--Tyler, 1992, writ denied) (construing "drainage system" to include
culverts). The District contends that the placement of the bridge covering on its
culvert constitutes an obstruction that may interfere with the operation of its drainage
canal. For its part, Lily Gardens asserts that it, as fee owner, may engage in activities
on the easement so long as such activities do not interfere with the District's
reasonable use and enjoyment of the easement. See Still v. Eastman Chem. Co., 170
S.W.3d 851, 854 (Tex. App.--Texarkana 2005, no pet.). Lily Gardens asserts that
the bridge structure does not interfere with the District's easement rights because it
does not impede the flow of water within the drainage ditch. (2)
 Again, the scope of the easement holder's rights under the easement is
determined by the express terms of the grant. Marcus Cable, 90 S.W.3d at 701;
DeWitt County Elec. Co-op., 1 S.W.3d at 103. While it may be the case that the
bridge covering is not currently interfering with the flow of the drainage waters
within the District's easement, this is not the test for determining whether the
structure constitutes an encroachment on the District's easement rights. Rather, the
easement language should be read broadly and in light of the circumstances and
purposes of the easement to actually allow the District what is granted therein;
namely, the rights and benefits necessary or convenient for the full enjoyment and use
of the rights granted by the easement. Mobile Pipe Line Co. v. Smith, 860 S.W.2d
157, 159 (Tex. App.--El Paso 1993, writ dism'd w.o.j.)

 To this end, the District presented summary judgment evidence that the
presence of the bridge covering attached to the culvert impedes the District's exercise
of its right to abate obstructions upon the canal right of way that may interfere with
the operation of the drainage canal. Raymond Dollins, President of the District,
stated in his affidavit:

 The District in exercising its legislative authority and discretion, to serve
its public interest, may elect at some future time to maintain or work on
its easements, or to relocate, maintain, remove and/or replace its culverts
from its easements, during its work in this important drain-way. This
legislative authority is impeded by the Defendants' covered bridge and
concrete installed on the District's culverts.

 Dollins's statements concerning the District's interest in the continued
maintenance and operation of its drainage system illustrates the impediment the
bridge covering may present to such operation. Additionally, we perceive no
difficulty in construing the plain terms of the easement to grant to the District the
authority to remove any obstruction upon its canal right of way that may interfere
with the operation of its drainage canal now or in the future. See Knox v. Pioneer
Natural Gas Co., 321 S.W.2d 596, 601 (Tex. Civ. App.--El Paso 1959, writ ref'd
n.r.e.) (observing similar easement language contemplated contingencies of future
needs consistent with underlying purpose of easement, which may depend upon
future use of easement by easement holder.) (3)

 We also find Sheppard v. City and County of Dallas Levee Imp. Dist., 112
S.W.2d 253, 255 (Tex. Civ. App.--Dallas 1937, no writ), instructive in the instant
case. There, the Levee Improvement District of Dallas County was granted an
easement under which it was provided the "'free and uninterrupted use, liberty,
privilege, easement and right of way, for the purpose of building and maintaining
levees . . . over, across, and through" land owned by Sheppard. Id. at 255. Sheppard
built two iron buildings and a fence over the easement, and filled in the levee with
dirt and gravel. Id. A jury found that the improvements did not interfere with the
District's free and uninterrupted use of the land for the purpose of repairing and
maintaining the levee. Id. On motion, the trial court disregarded the findings of the
jury and compelled Sheppard to remove his improvements from the land. Id.

 In affirming the trial court's decision, the appellate court wrote, "[t]he grant of
the exclusive use of the land for levee purposes, extending to any and all other uses
and purposes which are or may be necessary or desirable in the building and
maintaining of the levee, is, in practical effect, an estate in fee to the easement owner. 
The owners of the fee, Mrs. Sheppard and her husband, have no right to use the land,
as against the objection of the easement owner. The easement owner is the dominant
tenant and is entitled to the free and undisturbed use of its property for the purposes
of the easement." Id. at 255.

 Similarly, the District is the dominant tenant with regard to the drainage
easement and has the right, pursuant to the express terms of the grant, to use the
easement for the maintenance and operation of the District's drainage canal. Accord
Peterson v. Barron, 401 S.W.2d 680, 686 (Tex. Civ. App.--Dallas 1966, no writ)
(construing similar easement language granting City right to employ area covered by
easement for drainage facility). Under the language of the granting instrument, this
includes the right to abate any obstruction that may interfere with the drainage canal.

 Based on our construction of the easement language, we hold that Lily Gardens
failed to establish that there are no genuine issues of material fact to be decided and
that it is entitled to judgment as a matter of law. Lear Siegler, 819 S.W.2d at 471. 
Moreover, the District has raised a genuine issue of material fact as to the elements
of encroachment upon its easement rights. See Tex. R. Civ. P. 166a(i). Thus, we
sustain the District's first and second issues and hold that the trial court erred in
granting summary judgment in favor of Lily Gardens on the District's claims.
Additionally, Lily Gardens's request for attorney's fees is overruled, as there is no
judgment left to support such request.

III. Conclusion


 Having sustained all of the District's issues, we reverse the judgment and
remand the cause to the trial court for further proceedings. Additionally, we overrule
all pending motions in this appeal.



 Davie L. Wilson

 Justice



Panel consists of Chief Justice Radack, Justice Hanks, and Justice Wilson. (4)

1. Lily Gardens claims that before it could finish the bridge structure, the District
demanded that construction cease and claimed appellees were trespassing. In
photographs introduced by appellees as summary judgment evidence, the bridge
covering appears to have two completed walls along with a roof.
2. To support its claim, Lily Gardens presented the trial court photographic evidence
establishing that no portion of the bridge covering rests below the banks of the ditch. 
Lily Gardens interprets these photographs to mean that the bridge covering is not in
any position to impede water from flowing between the two culverts buried several
feet beneath the bridge covering, and thus, the bridge covering does not interfere with
the District's ability to reasonably enjoy its easement rights. Lily Gardens also
presented the trial court with the affidavit testimony of several neighbors familiar with
rainfall in the area in an attempt to establish the lack of obstruction or interference
with the drainage waters. Finally, Lily Gardens offered the engineering report and
affidavit of Steven Wilson, former Waller County Engineer, who concluded "[t]he
bridge covering will have no real effect on flooding or the drainage of waters . . . " 

3. Lily Gardens also contends that so long as the bridge covering is not obstructing the
flow of waters within the District's drainage easement, this controversy is not ripe for
adjudication, and this court may not properly decide it. We disagree. Ripeness
analysis focuses on whether a case involves uncertain or contingent future events that
may not occur as anticipated or may not occur at all. See Waco Indep. Sch. Dist. v.
Gibson, 22 S.W.3d 849, 853 (Tex. 2000). However, as we previously stated,
interpretation of easements involve principles of contract construction and
interpretation. Marcus Cable, 90 S.W.3d at 700. The creation of an easement
involves looking forward by those participating in its creation to a future use by the
dominant tenant that is not inconsistent with or repugnant to the creating instrument. 
 City Pub. Serv. Bd. of San Antonio v. Karp, 585 S.W.2d 838, 841-42 (Tex. Civ.
App.--San Antonio 1979, no writ). As the District correctly notes, this "forward-looking" feature of easements has been consistently acknowledged by Texas courts. 
See Karp, 585 S.W.2d at 841; Cent. Power & Light Co. v. Holloway, 431 S.W.2d 436,
440 (Tex. Civ. App.--Corpus Christi 1968, no writ); Knox v. Pioneer Natural Gas
Co., 321 S.W.2d 596, 601 (Tex. Civ. App.--El Paso 1959, writ ref'd n.r.e.). 
4. The Honorable Davie L. Wilson, retired Justice, First Court of Appeals, participating
by assignment.