

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00610-CV

**SUNDANCE AT STONE OAK ASSOCIATION, INC.,**
Appellant

v.

**NORTHEAST INDEPENDENT SCHOOL DISTRICT**,
Pape-Dawson Engineers, LLC, and Yantis Corporation
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-00127
Honorable David A. Berchelmann Jr., Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  November 13, 2013

AFFIRMED

On August 27, 2012, the trial court granted Appellees Northeast Independent School District and Pape-Dawson Engineers, LLC's[1] motion for summary judgment seeking a determination that they had the legal right to build an extension of Hardy Oak Road on Appellant Sundance at Stone Oak, Inc.'s property. On appeal, Sundance argues the trial court erred in granting Appellees' motion for summary judgment because (1) Appellees' easement does not

---

[1] Pape-Dawson was incorrectly identified in the lawsuit and is properly Pape-Dawson Consulting Engineers, Inc. d/b/a Pape-Dawson Engineers, Inc. Sundance's claims against Yantis Corporation were dismissed without prejudice.

allow construction of a road on Sundance's property, (2) Appellees' actions constituted trespass or an inverse condemnation because it is a taking of Sundance's property, and (3) Appellees' trespass resulted in damage to the servient estate. We affirm the trial court's judgment.

## BACKGROUND

Sundance is a mandatory property owner association governing the Sundance at Stone Oak Subdivision. As part of the development of the subdivision, on February 21, 2005, the builder deeded a 6.448 acre tract of land to Sundance to be used as common area for the subdivision. The subdivision borders an ongoing extension of Hardy Oak Road, a public road in Bexar County, Texas. NEISD contends Hardy Oak Road was being extended to support the flow of traffic to and from a nearby elementary school, as well as to the surrounding residential areas. Pape-Dawson Engineers was hired to provide the engineering. A portion of the street extension crosses the 6.448 acre tract currently owned by Sundance. Appellees contend an easement filed on October 9, 1986, (the Sitterle Easement) provides legal authority to build the extension of the road.

Sundance filed a suit alleging trespass and an unlawful taking of land owned by Sundance based on the Hardy Oak Road extension's construction. Sundance alleged that construction was altering the natural drainage patterns of surface waters, which would ultimately render a portion of Sundance's property unusable. Sundance's request for temporary injunction was denied by the trial court on January 28, 2011. This court affirmed the denial of the temporary injunction on May 18, 2011.

Appellees subsequently filed a motion for summary judgment asserting Sundance's claims fail as a matter of law for two reasons: (1) the Sitterle Easement grants NEISD the right to enter on the easement tract for purposes of constructing the roadway, and thus any entrance onto the property was done with proper legal authorization; and (2) there is no evidence of damage to the

property caused by NEISD's entry onto the property. On August 27, 2012, the trial court granted Appellees' motion for summary judgment and this appeal ensued.

On appeal, Appellees rely on an easement agreement, the Sitterle Easement, dated October 9, 1986. The Sitterle Easement grants an easement and right-of-way for the "86' roadway known as Hardy Oak" across the Sundance subdivision common areas. Sundance does not contest its property is burdened by the Sitterle Easement benefitting NEISD. Sundance's complaint is that Appellees exceeded the permission granted under the Sitterle Easement because the easement does not allow for the construction of a road.

## SUMMARY JUDGMENT

### A.     Standard of Review

To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In our review of the trial court's judgment, we examine "the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "[W]e indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *accord Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam). A defendant moving for traditional summary judgment must conclusively disprove at least one essential element of each of the plaintiff's claims. *Elliott–Williams Co. v. Diaz*, 9

S.W.3d 801, 803 (Tex. 1999); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 476–77 (Tex. 1995).

In this case, the facts are not in dispute. Instead, the appeal is simply a question of interpreting the Sitterle Easement and the rights given to each party under it.

**B.    Arguments of Parties**

Sundance argues the rights conveyed under the Sitterle Easement are limited to (1) ingress and egress over Hardy Oak Road; (2) laying underground electric and sewer lines; and (3) ingress and egress over adjacent lands and along said right-of-way for purposes of installing, replacing, or maintaining new pipes or cables and removing obstructions from the easement. As such, Sundance contends that because the Sitterle Easement does not allow for construction of a road, Appellees were required to obtain its permission before undertaking construction of the road.

Appellees contend the express terms of the Sitterle Easement authorize construction of the Hardy Oak roadway across the Sundance tract and that a roadway easement provides the right for all uses related to the use of a roadway, which necessarily includes the construction of the roadway. Appellees further contend that Sundance cannot interfere with the right of the dominant estate's right to use the easement for the purpose for which it was granted.

**C.    Construction of an Express Easement**

In *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002), the Texas Supreme Court determined that "an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *Id.*; *Koelsch v. Indus. Gas Supply Corp.*, 132 S.W.3d 494, 498 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Additionally, the grant of the easement provides the scope of the conveyance; if a purpose is not set forth in the express terms of the easement, then the particular purpose is not allowed. *Marcus Cable*, 90 S.W.3d at 701; *see also Lakeside Launches, Inc. v. Austin Yacht Club, Inc.*, 750 S.W.2d 868, 871 (Tex.

App.—Austin 1988, writ denied) ("An easement confers upon one person the right to use the land of another for a specific purpose."). A court "cannot disregard the easement's express terms to enlarge its purposes beyond those intended by the contracting parties." *Marcus Cable*, 90 S.W.3d at 706. In constructing an easement's terms, an appellate court applies basic principles of contract construction and interpretation. *Marcus Cable*, 90 S.W.3d at 700. Unless the language is ambiguous, we rely solely on the written instrument. *Koelsch*, 132 S.W.3d at 498.

**D.    Sitterle Easement**

The Sitterle Easement provides as follows:

> [A] non-exclusive easement and right-of-way for (i) the 86' roadway known as "Hardy Oaks", (ii) an underground electric distribution line or lines consisting of variable numbers of cables, conduits, and all necessary or desirable appurtenances thereto across, under and upon the said 86' right-of-way and (iii) underground sewer and water facilities and all necessary or desirable appurtenances thereto, across, under and upon the said 86' right-of-way which is located upon and adjoining the property located in Bexar County, Texas, . . . .

> Together with the right of ingress and egress over Grantor's adjacent lands and along said right-of-way only for the purpose of constructing, reconstructing, inspecting, patrolling, installing new pipes or cables, maintaining and removing said pipes, cables, lines and appurtenances; the right to remove all obstructions within said right-of-way which endanger or may interfere with the efficiency of said roadway or utility facilities, and Grantor agrees that no building or structure of any kind will hereafter be erected or placed by Grantor, its successors and assigns, on said easement right-of-way herein granted, so long as this easement remains in effect.

> TO HAVE AND TO HOLD the above described easement and rights unto the said Stone Oak, Inc., its successors and assigns, until the said easement and right-of-way shall be permanently dedicated by Grantor to the appropriate governing governmental authority and the said roadway known as Hardy Oaks is constructed thereon. . . .

**E.    Analysis**

Although Sundance argues the use of the word "roadway" in the Sitterle Easement does not intend to allow the holder to build a road, we disagree.

When considering the express easement's terms, the parties' intentions—as expressed in the grant—determine the scope of the easement. *Marcus Cable*, 90 S.W.3d at 706. An easement "should be interpreted to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding the creation of the servitude, and to carry out the purpose for which it was created." RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 4.1(2000); *see also Severance v. Patterson*, 370 S.W.3d 705, 737 (Tex. 2012).

Here, the plain language establishes the Sitterle Easement was granted for the purpose of building the Hardy Oaks roadway. The first paragraph of the Sitterle Easement expressly grants "a non-exclusive easement and right-of-way for . . . the 86' roadway known as 'Hardy Oaks,'" as well as the right to construct underground electric, sewer, and water lines. Additionally, the third paragraph provides the grant is made "until the said easement and right-of-way shall be permanently dedicated by Grantor to the appropriate governing governmental authority and the said roadway known as Hardy Oaks is constructed thereon."

Appellees also argue the first paragraph's discussion of electric lines, cables, conduit and appurtenances flows directly with the second paragraph's addition of ingress and egress to facilitate construction. Moreover, there is no language in the second paragraph that limits NEISD's right to construct the roadway as authorized in paragraph one. We agree. "Easements for road and street purposes have been held to include the laying of sewer, gas and water pipes, telegraph and telephone lines. The uses may be generalized as travel, transportation of persons and property and communication." *Harris Cnty. Flood Control Dist. v. Shell Pipe Line Corp.*, 591 S.W.2d 798, 799 (Tex. 1979) (citations omitted) (citing *Hill Farm, Inc. v. Hill Cnty*, 436 S.W.2d 320, 323 (Tex. 1969)). Sundance, as holder of the servient estate, "cannot interfere with the right of the dominant estate to use an easement for the purpose for which it was granted or sought." *See McDaniel v. Calvert*, 875 S.W.2d 482, 485 (Tex. App.—Fort Worth 1994, no writ) (citing *Bickler*

*v. Bickler*, 403 S.W.2d 354, 359 (Tex. 1966)). Here, the use of the term roadway is expressly tied to the construction. Thus, Sundance cannot interfere with NEISD's right to construct the roadway across Sundance's easement.

The *Grimes* case is instructive. *See Grimes v. Corpus Christi Transmission Co.*, 829 S.W.3d 335 (Tex. App.—Corpus Christi 1992, writ denied). The Grimeses' land abutted a state highway built on an easement "for the purpose of opening, constructing, and maintaining a permanent road." *Id.* at 336. The Grimeses filed a trespass action after the Corpus Christi Transmission Co. laid a 16" gas pipeline beneath the easement. *Id.* The appellate court affirmed the trial court's grant of summary judgment in favor of the utility. *Id.* The *Grimes* court explained that "[e]asements in city streets remain broad enough to allow the municipality to do the activities normally incident to maintaining those streets: laying sewer, gas and water pipelines. A roadway easement granted to a municipality includes the right to use the easement for street purposes." *Id.* at 337 (citation omitted).

We conclude that the Sitterle Easement's grant of the 86' roadway, and the identified rights of ingress and egress regarding pipes, cables, lines and appurtenances are consistent with the use for "road and street" purposes. *See Harris Cnty. Flood Control Dist.*, 591 S.W.2d at 799. NEISD's rights therefore include the uses necessary to carry out the purposes of the roadway, including construction of the roadway. Accordingly, the trial court did not err in granting Appellees' motion for summary judgment.

### TRESPASS AND TAKINGS CLAIMS

In its second point of error, Sundance argues error by the trial court for failing to find that NEISD's trespass and inverse condemnation occurred even if there was no damage to the servient property or the injury was slight. *See Barnes v. Mathis*, 353 S.W.3d 760, 764 (Tex. 2011).

Trespass to real property occurs when a person "enters another's property without express or implied permission." *Koelsch*, 132 S.W.3d at 497 (citing *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 671 (Tex. 1999) (O'Neill, J. dissenting)). To recover under a claim of trespass, Sundance had to "establish that [NEISD] committed an act exceeding the bounds of any legal rights [it] may have possessed." *See id.* (citing *Murphy v. Fannin Cnty. Elec. Coop.*, 957 S.W.2d 900, 903–04 (Tex. App.—Texarkana 1997, no pet.)). "To establish a takings claim . . . , the claimant must show that a governmental actor acted intentionally to take or damage property for a public use." *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007).

Both causes of action require NEISD to commit the act without legal authority. *See Koelsch*, 132 S.W.3d at 497. Because we concluded NEISD had authority under the Sitterle Easement, NEISD's entry onto the easement tract was not trespass, and does not constitute a taking.

Having overruled all of Sundance's appellate issues, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice